Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Joseph Tojarieh, Esq. (#265492)
TOJARIEH LAW FIRM, PC
10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067
Tel: (310) 553-5533 / Fax: (310) 553-5536
Email: JFT@tojariehlaw.com

Attorneys for Plaintiff JANE DOE, on
behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, | **CLASS ACTION** |
| Plaintiffs, | Case No.: |
| v. | **COMPLAINT FOR:** |
| PASADENA HOSPITAL ASSOCIATION, LTD. d/b/a "Huntington Memorial Hospital," an entity, form unknown; and PATRICK SUTTON, M.D., an individual, and DOES 1 to 100, inclusive; | 1. **VIOLATION OF TITLE IX (20 U.S.C. §1681);**<br>2. **VIOLATION OF UNRUH ACT (CC §51);**<br>3. **SEXUAL HARASSMENT (CC §51.9);**<br>4. **VIOLATION OF BANE ACT (CC §52.1);**<br>5. **GENDER VIOLENCE (CC §52.4);** |
| Defendants. | 6. **SEXUAL ASSAULT;**<br>7. **SEXUAL BATTERY (CC §1708.5);**<br>8. **CONSTRUCTIVE FRAUD (CC §1573);**<br>9. **NEGLIGENCE;**<br>10. **NEGLIGENCE PER SE;**<br>11. **NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION;**<br>12. **NEGLIGENT FAILURE TO WARN, TRAIN, AND/OR EDUCATE;**<br>13. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>14. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND**<br>15. **UNFAIR BUSINESS PRACTICES (B&PC §17200)** |
| | **DEMAND FOR JURY TRIAL** |

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 1 -

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

Plaintiff JANE DOE (hereinafter, "Ms. Jane Doe"), an individual on behalf of herself and all others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint against Defendants PASADENA HOSPITAL ASSOCIATION, LTD. d/b/a "Huntington Memorial Hospital" (hereinafter "PHA"); PATRICK SUTTON, M.D. (hereinafter "Dr. Sutton") and DOES 1 to 100, inclusive (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of that information and belief, allege as follows:

## FACTUAL ALLEGATIONS

1.     Ms. Jane Doe is a thirty-one year-old woman who was seen by Dr. Sutton at PHA between 2008 and 2010, when she was in her early twenties.

2.     During this time, Ms. Jane Doe was subjected to medical examinations by Dr. Sutton approximately six times, with one additional encounter.

3.     During his medical examinations of Ms. Jane Doe, Dr. Sutton molested, sexually abused, and sexually harassed her.

4.     To begin with, during every medical examination of Ms. Jane Doe, Dr. Sutton would make an aggressive and intense inspection of Ms. Jane Doe's body, including her breasts and the area between her buttocks.

5.     Not once during his exams of Ms. Jane Doe did Dr. Sutton include a chaperone, assistant or nurse to accompany him during visits.

6.     Not once during his exams of Ms. Jane Doe did Dr. Sutton wear gloves while he worked, including during pelvic exams and when inserting his fingers into her vagina.

7.     During his medical examinations of Ms. Jane Doe, Dr. Sutton also would touch Ms. Jane Doe's naked breasts and make wholly inappropriate remarks. Ms. Jane Doe immediately got the impression that Dr. Sutton was aggressively flirting with her, and that impression never ceased.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

8.      Dr. Sutton also made other grossly inappropriate remarks during medical examinations of Ms. Jane Doe, including while he had his fingers inside Ms. Jane Doe's vagina, as well as on other parts of her body.

9.      Ms. Jane Doe first visited Dr. Sutton in approximately September, 2008, a few days before she gave birth. At the very first exam, Dr. Sutton did not wear gloves, made inappropriate comments, fingered her vagina aggressively and inappropriately, and squeezed her breasts extremely hard, stating "I just want to make sure milk comes out," or words to that effect.

10.     Ms. Jane Doe remembers other comments by Dr. Sutton from the first visit. He told her "You have a very tight vagina and butthole" or words to that effect. He told her that "If you were not my patient, I would fuck you," or words to that effect. And he asked her "If you were not my patient, would you fuck me?" or words to that effect.

11.     After the first examination, on the same day, Ms. Jane Doe called Defendant PHA at the hospital's general line (626-397-5000) and asked with whom she could file a claim regarding Dr. Sutton's behavior.

12.     Ms. Jane Doe was asked to visit Dr. Sutton again the next day. At this visit, Dr. Sutton was again completely inappropriate in the aggressive and prolonged manner with which he physically examined Ms. Jane Doe, again did not wear gloves during the examination, and again made grossly inappropriate comments.

13.     The next day was Ms. Jane Doe's delivery date. At this visit, Dr. Sutton was again completely inappropriate in the aggressive and prolonged manner with which he physically examined Ms. Jane Doe, so much so that she actually vocalized "What the hell was THAT?!" or words to that effect during the examination. Again Dr. Sutton did not wear gloves during the examination, and again made grossly inappropriate comments, including but not limited to tell Ms. Jane Doe that he "would put in an extra couple of stitches for you" or words to

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

that effect, which was spoken to her in front of her husband.

14.     Thereafter, in approximately October 2008, during a visit to the emergency room, Ms. Jane Doe encountered Dr. Sutton in the hospital cafeteria. Dr. Sutton engaged her in conversation, stating "You are hot" and "You are not the little girl I remember" or words to that effect.

15.     Approximately two years later, Ms. Jane Doe went to the hospital soon before the birth of her next child because she woke up bleeding and wanted to know the cause. She was again seen by Dr. Sutton, who was again completely inappropriate in the aggressive and prolonged manner with which he physically examined Ms. Jane Doe, making her feel like he was "banging" her vagina with his fingers. Again he made completely inappropriate and offensive comments, including but not limited to telling her she "has a nice vagina and asshole," or words to that effect.

16.     Ms. Jane Doe visited PHA again a few days later, and again was seen by Dr. Sutton. At this visit, Dr. Sutton was again completely inappropriate in the aggressive and prolonged manner with which he physically examined Ms. Jane Doe, again did not wear gloves during the examination, and again made grossly inappropriate comments, including but not limited to "Nice vagina" or words to that effect, and again asked her "if she would fuck him," or words to that effect.

17.     A week or two later, Ms. Jane Doe again visited PHA, and again was seen by Dr. Sutton. At this visit, Dr. Sutton was again completely inappropriate in the aggressive manner with which he physically examined Ms. Jane Doe, again did not wear gloves during the examination, and again made grossly inappropriate comments, including but not limited to stating (after she was weighed) that she "looks good for someone who just gave birth," or words to that effect, and that her offspring was "very lucky because mom has a nice rack," or words to that effect. As in the past, Dr. Sutton also inappropriately fingered Ms. Jane Doe's vagina while he spoke with her.

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

18. After these visits, Ms. Jane Doe's husband would see how emotionally upset she was, because she would be unable to hide her crying.

19. At some point during this chronology, Ms. Jane Doe met a lady named "Amanda" at the Parent Connections group, and Amanda told her that Dr. Sutton was always inappropriate with her, and even tried to kiss her.

20. Further, in approximately 2014, Ms. Jane Doe saw a different gynecologist at PHA, and when Ms. Jane Doe complained about Dr. Sutton, the doctor told her that "everyone knows that he is a sick bastard and the hospital has not done anything" or words to that effect.

21. Ms. Jane Doe placed trust in Dr. Sutton because he was a physician, who worked for a prestigious and credible institution such as PHA, but she also suspected that this behavior was strange.

22. Ms. Jane Doe is particularly upset about PHA's concealment of the facts about Dr. Sutton for two decades, thus allowing Dr. Sutton to prey on countless women and satisfy his perverted urges under the guise of providing medical care.

23. Dr. Sutton began working at PHA's Huntington Memorial Hospital in as an OB-GYN in approximately 1989.

24. In or about 1998, PHA received a complaint about sexual abuse by Dr. Sutton; specifically, a female patient complained to the Medical Board that Dr. Sutton conducted an inappropriate examination and made inappropriate sexual comments during the examination. The patient complained that Dr. Sutton was not wearing gloves, there was no chaperone and that he inappropriately touched her. The Medical Board conducted an examination and placed Dr. Sutton on probation.

25. In 2005, Dr. Sutton was accused by two female patients of sexual harassment and sexual battery, resulting in a lawsuit against Dr. Sutton PHA. The allegations included but not limited to sexual abuse and sexual harassment, for Dr. Sutton's improper touching and sexual comments.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

26.     In 2008, another patient complained about Dr. Sutton to the Medical Board regarding inappropriate examinations and comments. The Medical Board conducted an investigation and again placed Dr. Sutton on probation, also ordering him to enroll in psychotherapy and attend a class on professional ethics.

27.     In or about 2016, another patient complained about Dr. Sutton to the Medical Board, about inappropriate and very sexual comments, including but not limited to comments about sexuality, orgasms and the patient's beauty.

28.     A search of the California Patient Safety Advocates' "Doctor Alerts" page indicates that Dr. Sutton has a record (#1008) of reports. The "Accusations and Infractions or Causes for Discipline" there include Unprofessional Conduct, Repeated Negligent Acts, Gross Negligence, Incompetence, and Sexual Misconduct. He is listed as a "Repeat Offender" with "Ongoing Discipline."

29.     For example, "In the matter of the Accusation Against Patrick Mark Sutton, M.D.," Case No. 17-1999-97314, a Decision and Order was issued October 31, 2002, to become effective December 2, 2002. The matter was brought by Ron Joseph, the Executive Director of the Medical Board of California. There, Dr. Sutton was accused of such things as slipping his hand under a patient's pants and sliding two fingers between her labia without permission, gloves or chaperone, as well as engaging in inappropriate and unprofessional conversation regarding her sex life. As a result of this case, Dr. Sutton was ordered to take various education courses, have a third party chaperone present during examinations while on probation, and meet other requirements. Dr. Sutton was released from probation on February 2, 2007.

30.     Next, "In the matter of the Accusation Against Patrick Mark Sutton, M.D.," File No. 11-2009-197106, a Decision and Order was issued October 14, 2011, to become effective November 14, 2011. The matter was brought by Linda K. Whitney, the Executive Director of the Medical Board of California. There, Dr. Sutton was accused of such things as inappropriately rubbing a patient's knee and

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

- 6 -

JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT

thigh and engaging in inappropriate and unprofessional conversation regarding a patient's masturbation and sex life. As a result of this case, Dr. Sutton was ordered to take various education courses, including the Professional Boundaries Program, enroll in Psychotherapy, have a third party present during examinations while on probation, and meet other requirements. Dr. Sutton was released from probation on November 14, 2014.

31.    PHA's failure to disclose these facts, and in fact actively conceal them, has allowed Dr. Sutton, a sexual predator acting as a medical professional, to exploit Ms. Jane Doe and numerous other student-patients, with absolutely no regard for their physical or mental state, safety, privacy, or dignity.

32.    As such, and as set forth herein, the violations of Defendants PHA and Dr. Sutton, of such statutes as Title IX (20 U.S.C. §1681), the California Civil Code (hereafter "Civil Code" or "CC"), the California Education Code (hereafter "Education Code"), the California Business and Professions Code (hereafter, "B&PC"), and related common law principles, include but are not limited to the following:

      a.  Violations of Title IX (20 U.S.C. §1681);

      b.  Violations of the Unruh Act (CC §51);

      c.  Sexual harassment (CC §51.9);

      d.  Violations of the Bane Act (CC §52.1);

      e.  Gender violence (CC §52.4);

      f.  Sexual assault;

      g.  Sexual battery (CC §1708.5);

      h.  Constructive fraud (CC §1573);

      i.  Negligence;

      j.  Negligence per se;

      k.  Negligent hiring, supervision and/or retention;

      l.  Negligent failure to warn, train, and/or educate;

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

m. Intentional infliction of emotional distress;

n.  Negligent infliction of emotional distress; and/or

o.  Unfair business practices (B&PC §17200).

## II.

## JURISDICTION AND VENUE

33.    This District Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States.

34.    This District Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2) because this is a proposed class action, filed pursuant to Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class Members, the aggregate amount in controversy exceeds the $5,000,000 jurisdictional amount including claims asserted on behalf of a nationwide class.

35.    This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 29 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendants.

36.    Here, jurisdiction is not founded only on diversity of citizenship. Therefore, venue is proper in the Central District of California because:

a.  Pursuant to 28 U.S.C. §1391(b), a substantial part of the events or omissions giving rise to the claims occurred in this District; and

b.  Pursuant to 28 U.S.C. §1391(c), Defendants are found in this District and Defendants' illegal treatment of the putative class members as described herein occurred in the counties within the Central District of California.

## III.

## PARTIES

PLAINTIFF JANE DOE ("Ms. Jane Doe")

37.    Ms. Jane Doe is an individual over the age of eighteen (18) and is now

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

and/or at all times mentioned in this Complaint was a citizen of the State of California and the United States of America.

38.    As described herein, Ms. Jane Doe seeks recovery herein from Defendants because with regard to Ms. Jane Doe, Defendants have committed the following acts:

         a.  Violations of Title IX (20 U.S.C. §1681);

         b.  Violations of the Unruh Act (CC §51);

         c.  Sexual harassment (CC §51.9);

         d.  Violations of the Bane Act (CC §52.1);

         e.  Gender violence (CC §52.4);

         f.  Sexual assault;

         g.  Sexual battery (CC §1708.5);

         h.  Constructive fraud (CC §1573);

         i.  Negligence;

         j.  Negligence per se;

         k.  Negligent hiring, supervision and/or retention;

         l.  Negligent failure to warn, train, and/or educate;

         m. Intentional infliction of emotional distress;

         n.  Negligent infliction of emotional distress; and/or

         o.  Unfair business practices (B&PC §17200).

## DEFENDANT, PASADENA HOSPITAL ASSOCIATION, LTD. ("PHA")

39.    Defendant PHA is now and/or at all times mentioned in this Complaint was a California corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

## DEFENDANT, PATRICK SUTTON, M.D. ("Dr. Sutton")

40.    Defendant Dr. Sutton is now and/or at all times mentioned in this Complaint was an individual licensed to do business and actually doing business

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 9 -

JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT

as a physician in the State of California.

DOES 1 TO 100, INCLUSIVE

41.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.

42.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names.

43.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

44.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

45.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

46.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in committing the acts alleged herein, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

47.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

48.    Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

49.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

50.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## IV.

## CLASS ACTION ALLEGATIONS

51.     FRCP 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

52.     Plaintiffs bring this suit as a class action pursuant to FRCP 23, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

53.     The putative class Plaintiffs will seek to certify is currently composed of and defined as follows:

   All United States citizens who received a medical examination by Dr. Sutton while he was employed by and/or under the purview of PHA during the appropriate time period (hereinafter, the "Class").

54.     Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Class. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

to certify the Class alleged herein.

55. <u>Numerosity</u> (<u>FRCP</u> 23(a)(1)):

    a. The potential quantity of members of the Class as defined is so numerous that joinder of all members is unfeasible and impractical;

    b. The disposition of the claims of the members of the Class through this class action will benefit both the parties and this Court;

    c. The quantity of members of the Class is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Class numbers greater than 10,000 individuals; and

    d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

56. <u>Questions of Law or Fact Common To The Class</u> (<u>FRCP</u> 23(a)(2)): There are common questions of law and/or fact as to the members of the Class which predominate over questions affecting only individual members of the Class, including, without limitation:

    a. Whether Defendants violated Title IX (20 U.S.C. §1681);

    b. Whether Defendants violated the Unruh Act (<u>CC</u> §51);

    c. Whether Defendants committed sexual harassment (<u>CC</u> §51.9);

    d. Whether Defendants violated the Bane Act (<u>CC</u> §52.1);

    e. Whether Defendants committed gender violence (<u>CC</u> §52.4);

    f. Whether Defendants committed sexual assault;

    g. Whether Defendants committed sexual battery (<u>CC</u> §1708.5);

    h. Whether Defendants committed constructive fraud (<u>CC</u> §1573);

    i. Whether Defendants committed negligence;

    j. Whether Defendants committed negligence per se;

    k. Whether Defendants committed negligent hiring, supervision and/or retention;

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 12 -

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

l.   Whether Defendants committed negligent failure to warn, train, and/or educate;

m.  Whether Defendants committed intentional infliction of emotional distress;

n.   Whether Defendants committed negligent infliction of emotional distress;

o.   Whether Defendants committed unfair business practices (B&PC §17200);

p.   Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

q.   Whether the members of the Class are entitled to injunctive relief;

r.   Whether the members of the Class are entitled to restitution; and

s.   Whether Defendants are liable for attorneys' fees and costs.

57.   Typicality (FRCP 23(a)(3)): The claims of the named Plaintiff are typical of the claims of all members of the Class because all members of the Class sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Class were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

58.   Adequacy (FRCP 23(a)(4)): The named Plaintiff:

a)   will adequately represent the members of the Class;

b)   will fairly protect the interests of the members of the Class;

c)   possess no interests antagonistic to the members of the Class; and

d)   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

59.   Superiority (FRCP 23(b)): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 13 -

JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT

alleged herein. Further, this action is maintainable as a class action because the prerequisites of <u>FRCP</u> 23(a) are satisfied as outlined above, and in addition:

a) By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

b) This case involves a large corporate Defendant and a large number of individual Class Members with many relatively small claims and common issues of law and fact;

c) If each individual member of the Class was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Class with Defendants' vastly superior financial and legal resources;

d) Requiring each individual member of each of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

e) Proof of a common business practice or factual pattern, of which the members of the Class experienced, is representative of the Class herein and will establish the right of each of the members of the Class to recover on the causes of action alleged herein;

///

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 14 -
**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

f)  Absent class treatment, the prosecution of separate actions by the individual members of the Class, even if possible, would likely create:

    i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

    ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

    iii)  inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; and

    iv)  potentially incompatible standards of conduct for Defendants;

    v)  potentially incompatible legal determinations with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Class to protect their interests.

g)  The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto; and

h)  Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions. The Supreme Court of California urges trial courts to

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 15 -

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

be procedurally innovative in managing class actions, which have an obligation to consider the use of innovative procedural tools to certify a manageable class.

## V.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### VIOLATION OF TITLE IX

### (20 U.S.C. §§1681(a), et seq.)

### (Against Defendants PHA and DOES 1 to 100)

60.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

61.     Title IX of the Education Amendments Act of 1972 states "No person in the United States shall on the basis of sex, be ... subject to discrimination under any education program or activity receiving Federal financial assistance ..." 20 U.S.C. §1681, et seq.

62.     Plaintiffs are "persons" under Title IX.

63.     Though a private institution, Defendant PHA receives federal financial assistance for its various education programs, and is therefore subject to the provisions of Title IX, 20 U.S.C. §§1681(a), et seq.

64.     As young students and medical patients at Defendants' institution, Plaintiffs were subjected to molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Sutton.

65.     Defendant PHA is required under Title IX to investigate allegations of molestation, sexual assault, sexual abuse, and/or sexual harassment.

66.     Defendant PHA, with authority to institute corrective measures, had actual notice that Dr. Sutton posed a substantial risk of molestation, sexual assault, sexual abuse, and/or sexual harassment to the young female student-patients who

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

sought treatment through Defendant PHA's Student Health Clinic. Specifically, Defendant PHA received numerous complaints of Dr. Sutton's sexual abuse, yet allowed such sexual abuse to continue unabated.

67.     Defendants PHA and DOES 1 to 100 were deliberately indifferent to the substantial risk of molestation, sexual assault, sexual abuse, and/or sexual harassment posed to student-patients who came into contact with Dr. Sutton at Defendants PHA and DOES 1 to 100. After receiving actual notice of Plaintiffs' complaints of being sexually abused by Dr. Sutton, Defendants PHA and DOES 1 to 100, through their employees, agents, and servants, ignored the sexual abuse that Dr. Sutton inflicted on Plaintiffs and allowed him to continue treating young female students. It was this conduct that constitutes willful indifference towards Plaintiffs.

68.     As a result of the above-described conduct, Plaintiffs suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psyJane Doeological treatment, therapy, and counseling.

69.     In subjecting Plaintiffs to the wrongful treatment herein described, Defendants PHA, Dr. Sutton, and DOES 1 to 100, acted willfully and maliciously with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights, so as to constitute malice and oppression under Civil Code §3294.

70.     Plaintiffs are therefore entitled to the recovery of punitive damages, in an amount to be determined by the Court, against Defendants PHA, Dr. Sutton, and DOES 1 to 100, in a sum to be shown according to proof. Further, Plaintiffs request the award of attorneys' fees pursuant to 42 U.S.C. §1988.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

## SECOND CAUSE OF ACTION

## VIOLATION OF UNRUH ACT

## (CIVIL CODE §51)

### (Against Defendants PHA, Dr. Sutton and DOES 1 to 100)

71.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

72.     Civil Code §51, also known as the "Unruh Civil Rights Act," states in pertinent part at subsection (b): "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

73.     Plaintiffs' civil rights were violated by Defendant PHA, when Defendant PHA, through its agents, actors and employees, intentionally concealed complaints of molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Sutton from Plaintiffs. Plaintiffs had a right to be free from gender discrimination, molestation, sexual assault, sexual abuse, and/or sexual harassment under the Unruh Civil Rights Act.

74.     Defendants PHA, Dr. Sutton, and DOES 1 to 100 were acting under the color of their authority and in the scope of their employment, during the instances when Plaintiffs were student-patients at Defendant PHA and DOES 1 to 100.

75.     Defendants PHA and DOES 1 to 100 denied Plaintiffs full and equal accommodations, advantages, facilities, privileges and healthcare services because of their gender, by allowing Dr. Sutton unfettered access to sexually abuse Plaintiffs, by and through his position of authority as the Student Health Center's

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

sole full-time gynecologist, by actively concealing from Plaintiffs its knowledge that Dr. Sutton was a serial sexual predator.

76.     By employing and retaining Dr. Sutton as the sole full-time gynecologist in its Student Health Clinic, despite its knowledge of myriad reports of Dr. Sutton's sexually abusive nature, Defendant PHA forced its female students to seek necessary medical treatment from Dr. Sutton, thereby exposing Plaintiffs to Dr. Sutton's sexual abuse. Thus, Defendant PHA's retention of Dr. Sutton denied Plaintiffs, and all of its other young female students, of full and equal access to safe medical facilities, treatment and services, based upon their gender.

77.     The substantial motivating reason for Defendant PHA's conduct of actively concealing numerous complaints of Dr. Sutton's sexually abusive nature was Plaintiffs' gender, as Defendant PHA knew that only its female students would seek gynecological treatment from Dr. Sutton and, thus, would be unwittingly subjected to his sexual assaults.

78.     As a direct and proximate result of Defendants' tortuous acts, omissions, wrongful conduct and breaches of their duties, Plaintiffs' employment and professional development has been adversely affected. Plaintiffs have lost wages and will continue to lose wages in an amount to be determined at trial. Plaintiffs have suffered substantial economic injury, all to Plaintiffs' general, special and consequential damage in an amount to be proven at trial, but in no event less than the minimum jurisdictional amount of this Court.

79.     As a further direct and proximate result of Defendants' wrongful actions, as herein alleged, Plaintiffs have been hurt in their health, strength and activity. Plaintiffs have sustained permanent and continuing injury to their nervous systems and persons, which has caused and continues to cause great mental, physical and nervous pain, suffering, fright, upset, grief, worry and shock in an amount according to proof at trial but in no event less than the jurisdictional minimum requirements of this Court.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

### THIRD CAUSE OF ACTION

### SEXUAL HARASSMENT

### (CIVIL CODE §51.9)

### (Against Defendants PHA and DOES 1 to 100)

80.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

81.    Civil Code §51.9(a)(1)(A) states in pertinent part: "(a) A person is liable in a cause of action for sexual harassment under this section when the plaintiff proves all of the following elements:

(1) There is a business, service, or professional relationship between the plaintiff and defendant. Such a relationship may exist between a plaintiff and a person, including, but not limited to, any of the following persons:

(A) Physician, psychotherapist, or dentist. For purposes of this section, "psychotherapist" has the same meaning as set forth in paragraph (1) of subdivision (c) of Section 728 of the Business and Professions Code."

82.    Civil Code §51.9(a) continues the elements for sexual harassment:

(2) The defendant has made sexual advances, solicitations, sexual requests, demands for sexual compliance by the plaintiff, or engaged in other verbal, visual, or physical conduct of a sexual nature or of a hostile nature based on gender, that were unwelcome and pervasive or severe.

(3) There is an inability by the plaintiff to easily terminate the relationship.

(4) The plaintiff has suffered or will suffer economic loss or disadvantage or personal injury, including, but not limited to, emotional distress or the violation of a statutory or constitutional right, as a result of the conduct described in paragraph (2)."

83.    During Plaintiffs' time as students at Defendants PHA and DOES 1 to 100, Dr. Sutton intentionally, recklessly and wantonly made sexual advances,

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

solicitations, requests, demands for sexual compliance of a hostile nature based on Plaintiffs' gender that were unwelcome, pervasive and severe, including but not limited to Dr. Sutton groping and fondling Plaintiffs' breasts and vaginas, all under the supervision of Defendants, who were acting in the course and scope of their agency with Defendants, and each of them.

84.   The incidents of abuse outlined herein above took place while Plaintiffs were under the control of Dr. Sutton and Defendants PHA and DOES 1 to 100, in their capacity and position as supervisors of physicians, medical professionals, and staff at Defendants PHA and DOES 1 to 100, and while acting specifically on behalf of Defendants.

85.   During Plaintiffs' time as students at Defendants PHA and DOES 1 to 100, Dr. Sutton intentionally, recklessly and wantonly did acts which resulted in harmful and offensive contact with intimate parts of Plaintiffs' persons, including but not limited to, using his position of authority and age to force Plaintiffs to give into Dr. Sutton's sexual suggestions.

86.   Because of Plaintiffs' relationships with Dr. Sutton and Defendants PHA and DOES 1 to 100, Dr. Sutton's status as the only full-time gynecologist employed by Defendant PHA's Student Health Center, and Plaintiffs' young ages as students of Defendant PHA, Plaintiffs were unable to easily terminate the relationship they had with Defendants.

87.   Because of Dr. Sutton's age and position of authority versus Plaintiffs' physical seclusion, mental and emotional state, and young age, Plaintiffs were unable to, and did not and could not, give consent to such acts.

88.   Even though Defendants knew or should have known of these activities by Dr. Sutton, Defendants did nothing to investigate, supervise or monitor Dr. Sutton to ensure the safety of the student-patients in their charge.

89.   Because of Plaintiffs' relationships with Defendants, as a student-patients of Defendants, and Plaintiffs' young age, Plaintiffs were unable to easily

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

terminate the physician-patient relationship they had with Defendants.

90. A corporation is a "person" within meaning of <u>Civil Code</u> §51.9, which subjects persons to liability for sexual harassment within a business, service or professional relationship, and such an entity defendant may be held liable under this statute for the acts of its employees. *C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094. Further, principles of ratification apply when the principal ratifies the agent's originally unauthorized harassment, as is alleged to have occurred herein.

91. Defendants' conduct (and the conduct of their agents) was a breach of their duties to Plaintiffs.

92. As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## FOURTH CAUSE OF ACTION

### VIOLATION OF BANE ACT

### (CIVIL CODE §52.1)

**(Against Defendants PHA, Dr. Sutton, and DOES 1 to 100)**

93. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

94. <u>Civil Code</u> §52.1(a) states: "If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 22 -

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. An action brought by the Attorney General, any district attorney, or any city attorney may also seek a civil penalty of twenty-five thousand dollars ($25,000). If this civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section and the penalty shall be awarded to each individual whose rights under this section are determined to have been violated."

95.     Further, <u>Civil Code</u> §52.1(b) states: "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

96.     Defendants' actions, as alleged herein, have had and will continue to interfere with Plaintiffs' right to be free from gender discrimination in the form of sexual harassment in the educational and collegiate athletic setting, codified under 20 U.S.C. §1681. Furthermore, Plaintiffs had a right to have Defendant PHA respond immediately and investigate her molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Sutton.

97.     During Plaintiffs' time as students at Defendant PHA, Defendants

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

engaged in oppressive and unlawful tactics in ignoring, concealing, and ultimately suppressing Plaintiffs' complaints of being sexually abused by Dr. Sutton. Plaintiffs were threatened, intimidated and coerced for reporting Dr. Sutton's sexually abusive conduct, by Dr. Sutton's own intimidating and humiliating conduct, as well as the conspiratorial silence and inaction of Defendant PHA's chaperones. These intentional acts of concealment of Dr. Sutton's abusive behavior violated Plaintiffs' right to be free from discrimination on the basis of her gender, under Title IX.

98.   Furthermore, Plaintiffs were deprived of due process of law, when various complaints to Defendant PHA's employees failed to trigger any report, investigation, or other action by Defendants PHA and/or , who were required to do so, both under their own policies and procedures, as well as under federal mandate by Title IX and the Fourteenth Amendment.

99.   In addition, these actions were contrary to Plaintiffs' civil rights guaranteed under the Constitution of the State of California.

100.   Defendants' wrongful conduct was intended to, and did successfully interfere with Plaintiffs' constitutional rights to be free from gender discrimination and harassment, as well as interfered with their rights of due process under the United States Constitution, specifically the Fifth and Fourteenth Amendments.

101.   Defendants unlawfully and wrongfully used, or employed others to wrongfully use threats, intimidation, harassment, violence, and coercion over Plaintiffs' person, to which Plaintiffs had no relief except to submit to Defendants' wrongful threats, intimidation, harassment, violence, and coercion, which rendered Plaintiffs' submission involuntary.

102.   Defendants' above-noted actions were the legal and proximate causes of physical, psychological, emotional, and economic damages, and damage to Plaintiffs, who have suffered and continue to suffer to this day. The actions of Defendants have also resulted in Plaintiffs incurring, and will require them to incur

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 24 -

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

1  into the future, expenses for medical and psychological treatment, therapy, and
2  counseling.

3  103. As a result of the above-described conduct, Plaintiffs suffered and
4  continue to suffer great pain of mind and body, shock, emotional distress, physical
5  manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace,
6  humiliation, and loss of enjoyment of life; have suffered and continue to suffer and
7  was prevented and will continue to be prevented from performing daily activities and
8  obtaining the full enjoyment of life; have and will continue to sustain loss of earning
9  capacity; and have incurred and will continue to incur expenses for medical and
10 psychological treatment, therapy, and counseling. Plaintiffs have also suffered
11 economic, vocational and employment losses.

12 104. In subjecting Plaintiffs to the wrongful treatment described herein,
13 Defendants acted willfully and maliciously with the intent to harm Plaintiffs, and
14 in conscious disregard of Plaintiffs' rights, entitling Plaintiffs to compensatory
15 damages in a sum to be shown according to proof, emotional distress damages in a
16 sum to be shown according to proof, punitive and/or exemplary damages,
17 attorney's fees, other damages pursuant to Civil Code §52(b)(1), and a temporary
18 restraining order or a preliminary or permanent injunction ordering Defendants to
19 refrain from conduct or activities as alleged herein, stating "VIOLATION OF
20 THIS ORDER IS A CRIME PUNISHABLE UNDER SECTION 422.77 OF THE
21 PENAL CODE," and other such relief as the Court deems proper.

22 ### FIFTH CAUSE OF ACTION
23 ### GENDER VIOLENCE
24 ### (CIVIL CODE 52.4)
25 ### (Against Defendant Dr. Sutton and DOES 1 to 100)
26 105. Plaintiffs incorporate by reference and reallege each and every one of
27 the allegations contained in the preceding and foregoing paragraphs of this
28 Complaint as if fully set forth herein.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

106.   <u>Civil Code</u> §52.4 states: "Any person who has been subjected to gender violence may bring a civil action for damages against any responsible party. The plaintiff may seek actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. A prevailing plaintiff may also be awarded attorney's fees and costs."

107.   Dr. Sutton's acts committed against Plaintiffs, as alleged herein, including the molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiffs, constitutes gender violence and a form of sex discrimination in that one or more of Dr. Sutton's acts would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

108.   Dr. Sutton's acts committed against Plaintiffs, as alleged herein, including the molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiffs constitutes gender violence and a form of sex discrimination in that Dr. Sutton's conduct caused a physical intrusion or physical invasion of a sexual nature upon Plaintiffs under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

109.   As a proximate result of Dr. Sutton's acts, Plaintiffs are entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. Plaintiffs are also entitled to an award of attorney's fees and costs pursuant to <u>Civil Code</u> §52.4, against Dr. Sutton.

## SIXTH CAUSE OF ACTION

### SEXUAL ASSAULT

### (Against Defendant Dr. Sutton and DOES 1 to 100)

110.   Plaintiffs incorporate by reference and reallege each and every one of

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

111.   Dr. Sutton, in committing the acts alleged herein, including intending to subject Plaintiffs to numerous instances of molestation, sexual assault, sexual abuse, and/or sexual harassment during Plaintiffs' time with Defendants PHA and DOES 1 to 100, beginning in or around 2005, and lasting for the duration of Plaintiffs' tenure with Defendants, in or around 2018, including but not limited to instances of Dr. Sutton groping and fondling Plaintiffs' vaginas, all while Dr. Sutton acted in the course and scope of his agency/employment with Defendants, and each of them and were intended to cause harmful or offensive contact with Plaintiffs' persons, or intended to put Plaintiffs in imminent apprehension of such contact.

112.   As set forth herein, Plaintiffs were put in imminent apprehension of a harmful or offensive contact by Dr. Sutton and actually believed Dr. Sutton had the ability to make harmful or offensive contact with Plaintiffs' person.

113.   Plaintiffs did not consent to Dr. Sutton's intended harmful or offensive contact with Plaintiffs' persons, or intent to put Plaintiffs in imminent apprehension of such contact.

114.   In committing the acts alleged herein, Dr. Sutton violated Plaintiffs' right, pursuant to Civil Code §43, of protection from bodily restraint or harm, and from personal insult. In committing the acts alleged herein, Dr. Sutton violated his duty, pursuant to Civil Code §1708, to abstain from injuring the person of Plaintiffs or infringing upon their rights.

115.   As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; have suffered and continue to suffer and was prevented and will continue to be prevented from

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 27 -

JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT

performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

116.   Plaintiffs are informed and based thereon alleges that the conduct of Defendants was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of their right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to Civil Code §3294, entitling Plaintiffs to punitive damages against Defendants in an amount appropriate to punish and set an example of Defendants.

## SEVENTH CAUSE OF ACTION

### SEXUAL BATTERY

### (Civil Code §1708.5)

### (Against Defendant Dr. Sutton and DOES 1 to 100)

117.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

118.   Civil Code §1708.5(a) states: "(a) A person commits a sexual battery who does any of the following:

(1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.

(2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results.

(3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results."

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

119.   During Plaintiffs' time as students with Defendants PHA and DOES 1 to 100, Dr. Sutton intentionally, recklessly and wantonly did acts which were intended to, and did result in harmful and offensive contact with intimate parts of Plaintiffs' persons, including but not limited to being subjected to numerous instances of sexual abuse by Dr. Sutton, during Plaintiffs' time with Defendants PHA and DOES 1 to 100, beginning in or around 2005, and lasting for the duration of Plaintiffs' tenure with Defendants PHA and DOES 1 to 100, in or around 2015, including but not limited to instances of Dr. Sutton groping and fondling Plaintiffs' vaginas, all while Dr. Sutton acted in the course and scope of his agency/employment with Defendants, and each of them.

120.   Dr. Sutton did the aforementioned acts with the intent to cause a harmful or offensive contact with an intimate part of Plaintiffs' persons, and would offend a reasonable sense of personal dignity. Further, said acts did cause a harmful or offensive contact with an intimate part of Plaintiffs' persons that would offend a reasonable sense of personal dignity.

121.   Because of Dr. Sutton's position of authority over Plaintiffs, and Plaintiffs' mental and emotional state, and Plaintiffs' young age, Plaintiffs did not give meaningful consent to such acts.

122.   As a direct, legal and proximate result of the acts of Dr. Sutton, Plaintiffs sustained serious and permanent injuries to their persons, all of his damage in an amount to be shown according to proof and within the jurisdiction of the Court.

123.   As a direct result of the sexual abuse by Dr. Sutton, Plaintiffs have difficulty in reasonably or meaningfully interacting with others, including those in positions of authority over Plaintiffs including teachers, and supervisors, and in intimate, confidential and familial relationships, due to the trauma of the sexual abuse inflicted upon them by Defendants. This inability to interact creates conflict with Plaintiffs' values of trust and confidence in others, and has

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

caused Plaintiffs substantial emotional distress, anxiety, nervousness and fear. As a direct result of the molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Sutton, Plaintiffs suffered immensely, including, but not limited to, encountering issues with a lack of trust, various psychological sequelae, depressive symptoms, anxiety, nervousness, and self-medicating behavior.

124.   Plaintiffs are informed and based thereon alleges that the conduct of Dr. Sutton was oppressive, malicious and despicable in that it was intentional and done in conscious disregard for the rights and safety of others, and were carried out with a conscious disregard of her right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to Civil Code §3294, entitling Plaintiffs to punitive damages against Dr. Sutton in an amount appropriate to punish and set an example of Dr. Sutton.

## EIGHTH CAUSE OF ACTION

### CONSTRUCTIVE FRAUD

### (Against Defendants PHA, Dr. Sutton and DOES 1 to 100)

125.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

126.   By holding Dr. Sutton out as an agent of Defendants, and by allowing him to undertake the medical care of young student-patients such as Plaintiffs, Defendants entered into a confidential, fiduciary, and special relationship with Plaintiffs.

127.   By holding themselves out as a preeminent collegiate facility, thereby enticing Plaintiffs to attend Defendant PHA as undergraduate and graduate students, Defendants entered into a confidential, fiduciary and special relationship with Plaintiffs.

128.   Defendants breached their confidential, fiduciary duty and special

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

duties to Plaintiffs by the wrongful and negligent conduct described above and incorporated into this cause of action, and in so doing, gained an advantage over Plaintiffs in matters relating to Plaintiffs' safety, security and health. In particular, in breaching such duties as alleged, Defendants were able to sustain their status as an institution of high moral repute, and preserve their reputation, all at the expense of Plaintiffs' further injury and in violation of Defendants' mandatory duties.

129.   By virtue of their confidential, fiduciary and special relationship with Plaintiffs, Defendants owed Plaintiffs a duty to:

    a.   Investigate or otherwise confirm or deny such claims of sexual abuse;

    b.   Reveal such facts to Plaintiffs, the community at large, and law enforcement agencies;

    c.   Refuse to place Dr. Sutton and other molesters in positions of trust and authority within Defendants' institutions;

    d.   Refuse to hold out Dr. Sutton and other molesters to the public, the community, parents and law enforcement agencies as being in good standing and, trustworthy in keeping with him and his position as a physician, faculty member and authority figure;

    e.   Refuse to assign Dr. Sutton and other molesters to positions of power within PHA and over young students; and

    f.   Disclose to Plaintiffs, the public, the school community, and law enforcement agencies the wrongful, tortious, and sexually exploitive acts that Dr. Sutton had engaged in with student-patients.

130.   Defendants' breach of their respective duties included:

    a.   Not performing reasonable investigations of Dr. Sutton;

    b.   Issuing no warnings about Dr. Sutton;

    c.   Permitting Dr. Sutton to routinely be supervised only by

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

untrained chaperones, who were consistently derelict in their duty to report Dr. Sutton's sexual abuse to law enforcement;

d.   Not adopting a policy to prevent Dr. Sutton from routinely having student-patients in his unsupervised control;

e.   Making no reports of any allegations of Dr. Sutton's abuse of students prior to or during his employment and/or agency at Defendants PHA and DOES 1 to 100; and

f.   Assigning and continuing to assign Dr. Sutton to duties which placed him in positions of authority and trust over other student-patients, positions in which Dr. Sutton could easily isolate and sexually abuse other student-patients.

131.   At the time that Defendants engaged in such suppression and concealment of acts, such acts were done for the purpose of causing Plaintiffs to forbear on their rights.

132.   Defendants' misconduct did reasonably cause Plaintiffs to forbear on Plaintiffs' rights.

133.   The misrepresentations, suppressions and concealment of facts by Defendants were intended to and were likely to mislead Plaintiffs to believe that Defendants had no knowledge of any charges against Dr. Sutton, or that there were no other charges of unlawful or sexual misconduct against Dr. Sutton or others and that there was no need for them to take further action or precaution.

134.   The misrepresentations, suppressions and concealment of facts by Defendants was likely to mislead Plaintiffs to believe that Defendants had no knowledge of the fact that Dr. Sutton was a molester, and was known to commit wrongful sexual acts with Plaintiffs.

135.   Defendants knew or should have known at the time they suppressed and concealed the true facts regarding Dr. Sutton's molestation, sexual assault, sexual abuse, and/or sexual harassment, that the resulting impressions were

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 32 -

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

misleading.

136.   Defendants suppressed and concealed the true facts regarding Dr. Sutton with the purpose of: preventing Plaintiffs, from learning that Dr. Sutton and others had been and were continuing to sexually harass, molest and abuse student-patients, Dr. Sutton and Defendants' control, direction, and guidance, with complete impunity; inducing Plaintiffs and other benefactors and donors to participate and financially support Defendants' program and other enterprises of Defendants; preventing further reports and outside investigations into Dr. Sutton and Defendants' conduct; preventing discovery of Defendants' own conduct; avoiding damage to the reputations of Defendants; protecting Defendants' power and status in the community and the gymnastics community; avoiding damage to the reputation of Defendants, or Defendants' institutions; and avoiding the civil and criminal liability of Defendants, of Dr. Sutton, and of others.

137.   At all times mentioned herein, Defendants, and in particular Defendants PHA, Dr. Sutton and DOES 1 to 100, with knowledge of the tortious nature of their own and Dr. Sutton's conduct, knowingly conspired and gave each other substantial assistance to perpetrate the misrepresentations, fraud and deceit alleged herein—covering up the past allegations of sexual misconduct lodged against Dr. Sutton, and allowing Dr. Sutton to remain in his position as a Student Health Center physician, faculty member and authority figure, so they could maintain their reputations and continue with their positions within the organization.

138.   Plaintiffs and the public were misled by Defendants' suppressions and concealment of facts, and in reliance thereon, were induced to act or induced not to act, exactly as intended by Defendants. Specifically, Plaintiffs were induced to believe that there were no allegations of criminal or sexual abuse against Dr. Sutton and that he was safe to be around student-patients.

139.   Had Plaintiffs, and others, known the true facts about Dr. Sutton, they

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 33 -

JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT

would have not participated further in activities of Defendants, or continued to financially support Defendants' activities. They would have reported the matters to the proper authorities and to other student-patients, so as to prevent future recurrences; they would not have allowed their children, including Plaintiffs, to be alone with, or have any relationship with Dr. Sutton; they would not have allowed Plaintiffs to attend or be under the control of Defendants; they would have undertaken their own investigations which would have led to discovery of the true facts; and they would have sought psychological counseling for Plaintiffs, and for other student-patients, who had been abused by Dr. Sutton.

140.   By giving Dr. Sutton the position of Student Health Center physician, faculty member and authority figure, Defendants impliedly represented that Dr. Sutton was safe and morally fit to give medical care and provide gynecological treatment.

141.   When Defendants made these affirmative or implied representations and nondisclosures of material facts, Defendants knew or should have known that the facts were otherwise. Defendants knowingly and intentionally suppressed the material facts that Dr. Sutton, had on numerous, prior occasions sexually, physically, and mentally abused Plaintiffs, and knew of or learned of conduct, or should have known of conduct by Dr. Sutton which placed Defendants on notice that Dr. Sutton had previously been suspected of felonies, including unlawful sexual conduct with student-patients, and was likely sexually abusing student-patients in his care.

142.   Because of Plaintiffs' young age, and because of the status of Dr. Sutton as a trusted, authority figure to Plaintiffs, Plaintiffs were vulnerable to Dr. Sutton. Dr. Sutton sought Plaintiffs out, and was empowered by and accepted Plaintiffs' vulnerability. Plaintiffs' vulnerability also prevented Plaintiffs from effectively protecting themselves from the sexual advances of Dr. Sutton.

143.   Defendants had the duty to obtain and disclose information relating

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9000
FAX: (323) 549-0101
BARNES@KBARNES.COM

to sexual misconduct of Dr. Sutton.

144.   Defendants misrepresented, concealed or failed to disclose information relating to sexual misconduct of Dr. Sutton.

145.   Defendants knew that they had misrepresented, concealed or failed to disclose information related to sexual misconduct of Dr. Sutton.

146.   Plaintiffs justifiably relied upon Defendants for information relating to sexual misconduct of Dr. Sutton.

147.   Defendants PHA, Dr. Sutton and DOES 1 to 100, in concert with each other and with the intent to conceal and defraud, conspired and came to a meeting of the minds whereby they would misrepresent, conceal or fail to disclose information relating to the sexual misconduct of Dr. Sutton, the inability of Defendants to supervise or stop Dr. Sutton from sexually harassing, molesting and abusing Plaintiffs, and their own failure to properly investigate, supervise and monitor his conduct with student-patients.

148.   By so concealing, Defendants committed at least one act in furtherance of the conspiracy.

149.   As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; have suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

150.   In addition, when Plaintiffs finally discovered the fraud of Defendants, and continuing thereafter, Plaintiffs experienced recurrences of the above-described injuries. Plaintiffs experienced extreme and severe mental anguish and emotional distress that Plaintiffs had been the victim of Defendants' fraud; that Plaintiffs had

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9000
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 35 -

JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT

not been able to help other young female student-patients to avoid being molested because of the fraud, and that Plaintiffs had not been able because of the fraud to receive timely medical treatment needed to deal with the problems Plaintiffs had suffered and continue to suffer as a result of the molestation, sexual assault, sexual abuse, and/or sexual harassment.

151.   In subjecting Plaintiffs to the wrongful treatment herein described, Defendants PHA, Dr. Sutton and DOES 1 to 100 acted willfully and maliciously with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights, so as to constitute malice and/or oppression under Civil Code §3294.

152.   Plaintiffs are informed, and on that basis alleges, that these willful, malicious, and/or oppressive acts, as alleged herein above, were ratified by the officers, directors, and/or managing agents of Defendants. Plaintiffs are therefore entitled to recover punitive damages, in an amount to be determined by the Court, against Defendants PHA, Dr. Sutton and DOES 1 to 100.

## NINTH CAUSE OF ACTION

### NEGLIGENCE

### (Against Defendants PHA and DOES 1 to 100)

153.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

154.   Prior to and after the first incident of Dr. Sutton's molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiffs, through the present, Defendants, knew and/or should have known that Dr. Sutton had and was capable of sexually, physically, and mentally abusing and harassing Plaintiffs or other victims.

155.   Defendants and each of them had special duties to protect Plaintiffs, when such individuals were entrusted to Defendants' care. Plaintiffs' care, welfare and physical custody were entrusted to Defendants. Defendants voluntarily accepted

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

the entrusted care of Plaintiffs. As such, Defendants owed Plaintiffs, Defendants' student-patients, a special duty of care that adults and medical professionals dealing with vulnerable young students and medical patients owe to protect them from harm. The duty to protect and warn arose from the special, trusting, confidential, and fiduciary relationship between Defendants and Plaintiffs.

156.   Defendants breached their duties of care to Plaintiffs by allowing Dr. Sutton to come into contact with Plaintiffs without effective supervision; by failing to adequately hire, supervise and retain Dr. Sutton (whom they permitted and enabled to have access to Plaintiffs); by concealing from Plaintiffs, the public and law enforcement that Dr. Sutton was sexually harassing, molesting and abusing student-patients; and by holding Dr. Sutton out to Plaintiffs as being of high moral and ethical repute, in good standing and trustworthy.

157.   Defendants breached their duties to Plaintiffs by failing to investigate or otherwise confirm or deny such facts of sexual abuse by Dr. Sutton, failing to reveal such facts to Plaintiffs, the community and law enforcement agencies, and by placing Dr. Sutton into a position of trust and authority, holding him out to Plaintiffs and the public as being in good standing and trustworthy.

158.   Defendants breached their duty to Plaintiffs by failing to adequately monitor and supervise Dr. Sutton and failing to prevent Dr. Sutton from committing wrongful sexual acts with Plaintiffs. Defendants' voluminous past records of sexual misconduct by Dr. Sutton caused Defendants to know, or gave them information where they should have known, of Dr. Sutton's incapacity to serve as a physician, faculty member, and authority figure at Defendants' institution, providing for the physical care of young females.

159.   As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; have suffered

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## TENTH CAUSE OF ACTION

### NEGLIGENCE *PER* SE

### (Against Defendants PHA and DOES 1 to 100)

160.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

161.   Under applicable law, Defendants, by and through their employees and agents, were medical care providers and were under a statutory duty to report known or suspected incidents of molestation, sexual assault, sexual abuse, and/or sexual harassment of student-patients or any individuals in their care to the appropriate authorities, and not to impede the filing of any such report.

162.   Defendants knew or should have known that their gynecological physician, Dr. Sutton, had sexually molested, abused or caused touching, battery, harm, and/or other injuries to Plaintiffs, giving rise to a duty to report such conduct.

163.   Defendants knew, or should have known, in the exercise of reasonable diligence, that an undue risk to Plaintiffs existed because Defendants did not comply with mandatory reporting requirements.

164.   By failing to report the continuing molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Sutton, which Defendants knew or should have known about, and by ignoring the fulfillment of the mandated compliance with the reporting requirements, Defendants created the risk and danger contemplated by the applicable mandated reporting laws, and as a result, unreasonably and wrongfully exposed Plaintiffs to molestation, sexual assault,

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

sexual abuse, and/or sexual harassment.

165.   Plaintiffs are members of the Class for whose protection applicable mandated reporting laws were specifically adopted to protect.

166.   Had Defendants adequately reported the molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiffs, as required by applicable mandated reporting laws, further harm to Plaintiffs would have been avoided.

167.   As a proximate result of Defendants' failure to follow the mandatory reporting requirements, Defendants wrongfully denied Plaintiffs the intervention of law enforcement and the appropriate authorities. Such public agencies would have changed the then-existing arrangements and conditions that provided the access and opportunities for the molestation of Plaintiffs by Dr. Sutton.

168.   The physical, mental, and emotional damages and injuries resulting from the molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiffs by Dr. Sutton, were the type of occurrence and injuries that the applicable mandated reporting laws were designed to prevent.

169.   As a result, Defendants' failure to comply with the mandatory reporting requirements constituted a per se breach of Defendants' duties to Plaintiffs.

170.   Defendants, and each of them, breached their duty to Plaintiffs by failing to adequately monitor and supervise Dr. Sutton and stop Dr. Sutton from committing wrongful sexual acts with Plaintiffs.

171.   As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; have suffered and continue to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or have incurred and will continue to incur

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

expenses for medical and psychological treatment, therapy, and counseling.

## ELEVENTH CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION

### (Against Defendants PHA and DOES 1 to 100)

172.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

173.   By virtue of Plaintiffs' special relationships with Defendants, and Defendants' relationship to Dr. Sutton, Defendants owed Plaintiffs a duty to provide reasonable supervision of Dr. Sutton, to use reasonable care in investigating Dr. Sutton's background, and to provide adequate warning to Plaintiffs of Dr. Sutton's dangerous propensities and unfitness.

174.   As organizations and individuals responsible for, and entrusted with, the welfare of student-patients, Defendants PHA and DOES 1 to 100 had a duty to protect, supervise, and monitor Plaintiffs from being preyed upon by sexual predators, and to supervise and monitor Dr. Sutton such that he would not be placed in seclusion with Plaintiffs.

175.   Further, by virtue of Plaintiffs' special relationship with Defendants, and Defendants' relationship to Dr. Sutton, Defendants owed Plaintiffs a duty to not hire or retain, given his dangerous and exploitive propensities, which Defendants knew or should have known about had they engaged in a reasonable, meaningful and adequate investigation of her background prior to his hiring or retaining her in subsequent positions of employment.

176.   As representatives of Defendants PHA and DOES 1 to 100, where many of the student-patients thereof are vulnerable young women entrusted to these Defendants, these Defendants' agents expressly and implicitly represented that the Student Health Center physicians and healthcare professionals, faculty members and staff, including Dr. Sutton, were not a sexual threat to student-patients and all

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 40 -

JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT

other individuals who would fall under Dr. Sutton's influence, control, direction, guidance, and care.

177.   Defendants, by and through their respective agents, servants and employees, knew or should have known of Dr. Sutton's dangerous and exploitive propensities and that Dr. Sutton was an unfit agent.

178.   Despite such knowledge, Defendants negligently failed to supervise Dr. Sutton in his position of trust and authority as a Student Health Center physician, faculty member, and authority figure over student-patients and young women, where he was able to commit wrongful acts of sexual misconduct against Plaintiffs.

179.   Defendants failed to provide reasonable supervision of Dr. Sutton, failed to use reasonable care in investigating Dr. Sutton, and failed to provide adequate warning to Plaintiffs of Dr. Sutton's dangerous propensities and unfitness. Defendants further failed to take reasonable steps to ensure the safety of Plaintiffs from molestation, sexual assault, sexual abuse, and/or sexual harassment.

180.   At no time during the time periods alleged herein did Defendants have in place a reasonable system or procedure to investigate, supervise and/or monitor its Student Health Center physicians and healthcare professionals, faculty members and staff, including Dr. Sutton, to prevent molestation, sexual assault, sexual abuse, and/or sexual harassment of student-patients and/or others, nor did they implement a system or procedure to oversee or monitor conduct toward student-patients and/or others in Defendants' care.

181.   Defendants were aware or should have been aware of how vulnerable student-patients were to molestation, sexual assault, sexual abuse, and/or sexual harassment by physicians, faculty members and/or other persons of authority within the control of Defendants prior to Plaintiffs' sexual abuse by Dr. Sutton.

182.   Defendants were put on notice, knew and/or should have known that

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

Dr. Sutton had previously engaged and continued to engage in unlawful sexual conduct with student-patients, and had previously and was continuing to commit other felonies, for his own personal sexual gratification, and that it was, or should have been foreseeable that Dr. Sutton was engaging, or would engage in illicit sexual activities with Plaintiffs, and others, under the cloak of his authority, confidence, and trust, bestowed upon him through Defendants.

183.   Defendants were placed on actual or constructive notice that Dr. Sutton had molested and/or was molesting student-patients during his employment with Defendants. Defendants were informed of molestation, sexual assault, sexual abuse, and/or sexual harassment of student-patients committed by Dr. Sutton prior to Plaintiffs' sexual abuse, and of conduct by Dr. Sutton that would put a reasonable person on notice of such propensity to molest and abuse young female students. Defendants also had knowledge of inappropriate conduct and molestation, sexual assault, sexual abuse, and/or sexual harassment committed by Dr. Sutton during his employment, yet allowed him to remain unsupervised where he could sexually abuse Plaintiffs.

184.   Even though Defendants knew or should have known of these sexually illicit activities by Dr. Sutton, Defendants failed to use reasonable care in investigating Dr. Sutton, and did nothing to reasonably investigate, supervise and/or monitor Dr. Sutton to ensure the safety of his student-patients.

185.   Defendants' conduct was a breach of their duties to Plaintiffs.

186.   Defendants, and each of them, breached their duty to Plaintiffs by failing to adequately monitor and supervise Dr. Sutton and stop Dr. Sutton from committing wrongful sexual acts with Plaintiffs.

187.   As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; have suffered

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## TWELFTH CAUSE OF ACTION

## NEGLIGENT FAILURE TO WARN, TRAIN, AND/OR EDUCATE

### (Against Defendants PHA and DOES 1 to 100)

188.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

189.   Defendants owed Plaintiffs a duty to take reasonable protective measures to protect Plaintiffs from the risk of molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Sutton by properly warning, training, and/or educating Plaintiffs about how to avoid such a risk.

190.   Defendants breached their duty to take reasonable protective measures to protect Plaintiffs from the risk of molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Sutton, such as the failure to properly warn, train, and/or educate Plaintiffs about how to avoid such a particular risk that Dr. Sutton posed—of sexual misconduct.

191.   Defendants breached their duty to take reasonable protective measures to protect Plaintiffs from the risk of molestation, sexual assault, sexual abuse, and/or sexual harassment by Dr. Sutton, by failing to supervise and stop employees of Defendants, including Dr. Sutton, from committing wrongful sexual acts with student-patients, including Plaintiffs.

192.   As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; have suffered

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## THIRTEENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants PHA, Dr. Sutton and DOES 1 to 100)

193.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

194.   The conduct of Defendants PHA, Dr. Sutton and DOES 1 to 100 toward Plaintiffs, as described herein, was outrageous and extreme.

195.   A reasonable person would not expect or tolerate the molestation, sexual assault, sexual abuse, and/or sexual harassment of Plaintiffs by Dr. Sutton, and Defendants' knowledge and callous indifference thereof. Plaintiffs had great trust, faith and confidence in Defendants, which, by virtue of Dr. Sutton and Defendants' wrongful conduct, turned to fear.

196.   A reasonable person would not expect or tolerate Defendants putting Dr. Sutton (who was known to Defendants to have physically and sexually abused other student-patients) in a position of care of Plaintiffs, which enabled Dr. Sutton to have access to other student-patients so that he could commit wrongful sexual acts, including the conduct described herein, with young female students, including Plaintiffs. Plaintiffs had great trust, faith and confidence in Defendants, which, by virtue of Defendants' wrongful conduct, turned to fear.

197.   A reasonable person would not expect or tolerate Defendants and their agents to be incapable of supervising and/or stopping Defendants, including Dr. Sutton, from committing wrongful sexual acts with Plaintiffs, or to supervise Dr. Sutton. Plaintiffs had great trust, faith and confidence in Defendants, which, by

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

virtue of Defendants' wrongful conduct, turned to fear.

198.   Defendants' conduct described herein was intentional and malicious and done for the purpose of causing or with the substantial certainty that Plaintiffs would suffer humiliation, mental anguish, and emotional and physical distress.

199.   As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; have suffered and continue to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

200.   In subjecting Plaintiffs to the wrongful treatment herein described, Defendants PHA, Dr. Sutton and DOES 1 to 100 acted willfully and maliciously with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights, so as to constitute malice and/or oppression under Civil Code §3294.

201.   Plaintiffs are informed, and on that basis alleges, that these willful, malicious, and/or oppressive acts, as alleged herein above, were ratified by the officers, directors, and/or managing agents of Defendants. Plaintiffs are therefore entitled to recover punitive damages, in an amount to be determined by the Court, against Defendants PHA, Dr. Sutton and DOES 1 to 100.

## FOURTEENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants PHA, Dr. Sutton and DOES 1 to 100)

202.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

203.   Dr. Sutton's conduct negligently caused emotional distress to

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 45 -

Plaintiffs and could reasonably foresee that his action would have caused such emotional distress.

204. Plaintiffs were in a specific zone of danger when being examined and/or meeting with Dr. Sutton in the PHA examination room, and at risk of physical harm, causing emotional distress when the examination became sexual in nature.

205. During these medical examinations, Plaintiffs suffered emotional distress and harm.

206. Dr. Sutton's conduct was committed within the scope of his employment at PHA. A causal nexus exists between Dr. Sutton's medical examinations, PHA's and 's pattern of allowing Dr. Sutton to examine female student-patients even after they had been repeatedly warned about him, and Dr. Sutton's role in the emotional distress inflicted on Plaintiffs.

207. Each act of assault or battery by Dr. Sutton of a Class Member was foreseeable, given, PHA's and 's awareness that Dr. Sutton failed to follow protocol, including but not limited to his physical examinations and abusive conversations, complaints from student-patients and staff members, and the commission of the acts at PHA's student-health center.

208. Dr. Sutton's conduct is not so unusual or startling that it would seem unfair to include the emotional distress resulting from it among other costs of PHA's business. Assaults in the context of a medical examination, when women are the most vulnerable but must put themselves in this situation in order to get necessary medical care, are exactly why female student-patients would expect physicians' offices and student-health centers to take extra precautions to ensure that they are protected from abuses of the physician-patient relationship.

209. Holding Defendant PHA liable promotes the underlying policy goals of respondent superior, including the prevention of future injuries and assurance of compensation to victims, given that Plaintiffs do not have separate remedies

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 46 -

JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT

under Title VII because they were not employees of PHA.

## FIFTEENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (B&PC §17200)

### (Against Defendants PHA, Dr. Sutton and DOES 1 to 100)

210.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

211.   B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

212.   B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

213.   B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

214.   Dr. Sutton and Defendants PHA and DOES 1 to 100 have engaged in unlawful, unfair and deceptive business practices including allowing Dr. Sutton to engage in repeated harassment of Plaintiffs, and failing to take all reasonable steps to prevent harassment and abuse from occurring. The unlawful, unfair and deceptive business practices also included failing to adequately investigate, vet, and evaluate individuals for employment with Defendants PHA and DOES 1 to 100, refusing to design, implement, and oversee policies regarding sexual harassment and abuse of student-patients in a reasonable manner that is customary in similar educational environments.

215.   Dr. Sutton and Defendants PHA and DOES 1 to 100, have engaged in unlawful, unfair and deceptive business practices including concealing molestation, sexual assault, sexual abuse, and/or sexual harassment claims by

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 47 -

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

student-patients, such as Plaintiffs, so as to retain other similarly situated individuals within Defendants PHA and DOES 1 to 100 who were not apprised of such illicit sexual misconduct by Dr. Sutton.

216.   Defendants engaged in a common scheme, arrangement or plan to actively conceal allegations against sexual abusers who were employees, agents, members, and/or participants at Defendant PHA, including Dr. Sutton, such that Defendants PHA and DOES 1 to 100 could maintain their public image, and avoid detection of such abuse and abusers. Plaintiffs are informed and believe and thereon allege that Defendants actively concealed these allegations, such that Defendants would be insulated from public scrutiny, governmental oversight, and/or investigation from various law enforcement agencies, all done in order to maintain the false sense of safety for participants and their families and to perpetuate the program financially.

217.   By engaging in unlawful, unfair and deceptive business practices, Defendants PHA, Dr. Sutton and DOES 1 to 100 benefitted financially to the detriment of its competitors, who had to comply with the law.

218.   Unless restrained, Defendants PHA, Dr. Sutton and DOES 1 to 100 will continue to engage in the unfair acts and business practices described above, resulting in great and irreparable harm to Plaintiffs.

219.   Plaintiffs seek restitution for all amounts improperly obtained by Defendants PHA, Dr. Sutton and DOES 1 to 100 through the use of the above-mentioned unlawful business practices, as well as the disgorgement of all ill-gotten gains and restitution on behalf of Plaintiffs, who were also subjected to Defendants' illegal and unfair business practices.

220.   Pursuant to B&PC §17203 and available equitable powers, Plaintiffs are entitled to a preliminary and permanent injunction, enjoining Defendants PHA, Dr. Sutton and DOES 1 to 100 from continuing the unlawful and unfair business practices described above.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 48 -
JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT

221.   Further, Plaintiffs seek the appointment of a court monitor to enforce its orders regarding client safety.

222.   In addition, Plaintiffs are entitled to recover reasonable attorneys' fees pursuant to the B&PC and CCP §1021.5.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

a.      That the Court issue an Order certifying the Class herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Class;

b.      For past, present and future special damages, including but not limited to past, present and future lost earnings, economic damages and others, as allowed by law in an amount to be determined at trial;

c.      For past, present and future non-economic damages, as allowed by law in an amount to be determined at trial;

d.      For any appropriate statutory damages, as allowed by law in an amount to be determined at trial;

e.      For costs of suit, as allowed by law in an amount to be determined at trial;

f.      For punitive damages, according to proof, though not as to the Negligence Causes of Action (Causes of Action 11 through 14 and 16), as allowed by law in an amount to be determined at trial;

g.      For interest on damages, as well as pre-judgment and post-judgment interest, as allowed by law in an amount to be determined at trial;

h.      For attorney's fees, as allowed by law in an amount to be determined at trial;

i.      For declaratory and injunctive relief, including but not limited to

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90025-3361
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 49 -

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**

1 Court oversight of Defendants, as allowed by law; and

2   j.  For any other such relief as this Court may deem just and proper.

### VII.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: November 15, 2018   LAW OFFICES OF KEVIN T. BARNES
             TOJARIEH LAW FIRM, PC

          By:  */s/ Kevin T. Barnes*
             Kevin T. Barnes, Esq.
             Gregg Lander, Esq.
             Joseph Tojarieh, Esq.
             Attorneys for Plaintiffs

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA
90025-3361
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

- 50 -

**JANE DOE v. PASADENA HOSPITAL ASSOCIATION, LTD., et al. - COMPLAINT**