Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Joseph Tojarieh, Esq. (#265492)
TOJARIEH LAW FIRM, PC
10250 Constellation Boulevard, Suite 100
Los Angeles, CA 90067
Tel: (310) 553-5533 / Fax: (310) 553-5536
Email: JFT@tojariehlaw.com

Attorneys for Plaintiff JANE DOE, on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PASADENA HOSPITAL ASSOCIATION, LTD. d/b/a "Huntington Memorial Hospital," an entity, form unknown; and PATRICK SUTTON, M.D., an individual, and DOES 1 to 100, inclusive;<br><br>　　　　Defendants. | Case No. 2:18-cv-09648-DDP (SKx)<br>Honorable Dean D. Pregerson<br>Courtroom 9C<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE REQUEST FOR LEAVE TO PROCEED ANONYMOUSLY**<br><br>Action filed: November 15, 2018<br>Trial Date: None set |

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.　　ARGUMENT**

Parties are generally allowed to proceed anonymously in special circumstances, such as arise "[w]here it is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment…." *U.S. v. Doe*, 655 F.2d 920, 922 (9th Cir. 1977) (citing *U.S. v. Doe,* 556 F.2d 391, 393 (6th Cir. 1977)); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("[M]any federal courts, including the Ninth Circuit, have permitted parties to

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@kbarnes.com

proceed anonymously when special circumstances justify secrecy.")

Courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Advanced Textile Corp.*, 214 F.3d at 1068. This balancing test generally allows plaintiffs to use pseudonyms in three situations: (1) when "identification creates a risk of retaliatory physical or mental harm;" (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature;" and (3) when "the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.*

At issue here is the second situation. Plaintiff Doe's claims involve sensitive and highly personal issues. Pseudonym protection is appropriate in this situation. For example, pseudonym protection has been afforded to exotic dancers, because the suit would "…involve details about them [plaintiffs] of a 'highly sensitive and personal nature.'" *Jane Roes 1-2 v. SFBSC Management, LLC,* 77 F. Supp. 3d 990 (ND Cal. 2015). In that case, pseudonym protection was granted even though the plaintiffs' "sensitive and personal" information was the result of a voluntary undertaking (exotic dancing). Similarly, here, Plaintiff's anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. As a young student and medical patient at Defendants' institution, Plaintiff was subjected to molestation, sexual assault, sexual abuse, and/or sexual harassment by Defendant Tyndall. She did not voluntarily put herself in a vulnerable position.

Further, pseudonym protection should also granted "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Frank,* 951 F.2d 320, 324 (11th Cir. 1992). Here, Plaintiff is litigating against the injury of invasion of privacy and exploitation, which are the very injuries she seeks to avoid repeating by bringing this complaint anonymously. According, Plaintiff Doe has identified an adequate threat of personal

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE REQUEST FOR LEAVE TO PROCEED ANONYMOUSLY**

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

embarrassment that, under *Advanced Textile*, militates for allowing her to proceed under a Jane Doe pseudonym.

Further, public interest in this case does not relate to Plaintiff's identity. As such, the public's interest can be satisfied without revealing Plaintiff's real name. See *Advanced Textile,* 214 F.3d at 1073, fn.5 ("For instance, the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*"). As such, Plaintiff's interest in anonymity outweighs any possible prejudice to the other side and the public's interest in knowing her name.

## II. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to proceed anonymously.

Dated: November 16, 2018      LAW OFFICES OF KEVIN T. BARNES

By:   */s/ Kevin T. Barnes*
      Kevin T. Barnes, Esq.
      Gregg Lander, Esq.
      Attorneys for Plaintiff Jane Doe

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 3 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE REQUEST FOR LEAVE TO PROCEED ANONYMOUSLY**