O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>PASADENA HOSPITAL ASSOCIATION, LTD., d/b/a HUNTINGTON MEMORIAL HOSPITAL, and PATRICK SUTTON, M.D.<br><br><br><br>                    Defendants. | Case No.  2:18-cv-09648-DDP (SKx)<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED EX-PARTE REQUEST FOR LEAVE TO PROCEED ANONYMOUSLY**<br><br>[Dkt. 15] |

The court has considered Plaintiff's renewed ex-parte request for leave to proceed anonymously, Dkt. 15, and Defendant Pasadena Hospital Association, Ltd.'s Opposition, Dkt. 16.  The court has not received an opposition from Defendant Patrick Sutton, M.D. Having considered the submissions of the parties, the court adopts the following order.

## I. BACKGROUND

Plaintiff Jane Doe is a "thirty-one year-old woman who was seen by Dr. Sutton at PHA between 2008 and 2010." (Compl. ¶ 1.) Plaintiff alleges that "[d]uring [Dr. Sutton's] medical examinations of [her], Dr. Sutton molested, sexually abused, and sexually harassed her." (*Id.* ¶ 3.) Plaintiff further alleges that she "was subjected to medical examinations by Dr. Sutton approximately six times." (*Id.* ¶ 2.) During one examination, Plaintiff alleges Dr. Sutton told her, "'You have a very tight vagina and butthole,'. . . 'If you were not my patient, I would fuck you,'" and later asked her, "[i]f you were not my patient would you fuck me?" (*Id.* ¶ 10.)

Another allegation of sexual abuse describes Dr. Sutton's physical examinations of Plaintiff as "completely inappropriate in the aggressive and prolonged manner with which he physically examined Ms. Jane Doe, making her feel like he was 'banging' her vagina with his fingers." (*Id.* ¶ 15.) Plaintiff also alleges that Defendant "[Pasadena Hospital Association "PHA"]'s failure to disclose" and "conceal" facts of other women's complaints of sexual abuse and harassment by Dr. Sutton "has allowed Dr. Sutton, a sexual predator acting as a medical professional, to exploit Ms. Jane Doe and numerous other student-patients, with absolutely no regard for their physical or mental state, safety, privacy or dignity." (*Id.* ¶¶ 24-31.)

Plaintiff's complaint states numerous causes of action against Defendant PHA and Dr. Patrick Sutton, including (1) Violation Title IX; (2) Violation of Unruh Act; (3) Sexual harassment; (4) Violation of Bane Act; and (5) Gender violence. (*See* Compl. ¶1.)

## II. LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). Despite this normal presumption, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs

2

prejudice to the opposing party and the public's interest in knowing the party's identity."

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

**III. DISCUSSION**

Plaintiff here seeks to proceed anonymously because her "claims involve sensitive and highly personal issues." (Plaintiff's Memo. to Ex-Parte at 2.) Plaintiff declares that she and her family "face further humiliation, retaliation, and/or psychological or physical harm." (Jane Doe Decl. ¶ 3.) Plaintiff also declares that she does not seek to prevent Defendants from knowing her real name. (*Id.* ¶ 4.) Defendant PHA argues that it does not know the identity of Jane Doe, it would be prejudiced should it be unable to "identify Plaintiff in conducting investigation and discovery," and that Plaintiff's fear of embarrassment [] does not outweigh the prejudice to [it] and the public's interest in knowing her identity." (Opp. at 4.)

Courts have permitted parties to proceed anonymously when "anonymity is necessary to preserve privacy in a matter of highly personal nature." *Advanced Textile*, 214 F.3d at 1068. Courts in the Ninth Circuit have regularly permitted plaintiffs alleging sexual assault to proceed anonymously. *See Doe v. United Airlines, Inc.*, No. 2:17-CV-2825-RFB-NJK, 2018 WL 3997258, at *2, n.1 (D. Nev. Aug. 21, 2018) ("case law within the Ninth Circuit is clear and Courts have denied a sexual assault victim's request to proceed pseudonymously only in rare and unique circumstances.") (citing *Doe v. JBF RAK LLC*, No. 2:14-CV-00979-RFBGWF, 2014 WL 5286512, at *6 (D. Nev. Oct. 15, 2014)); *N.S. by & through Marble v. Rockett*, No. 3:16-CV-2171-AC, 2017 WL 1365223, at *2 (D. Or. Apr. 10, 2017) (collecting cases); *see also Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here . . .").

Plaintiff's complaint sufficiently demonstrates that her allegations of sexual abuse and harassment present special circumstances of a highly personal nature. The court finds that anonymity here is necessary to protect Plaintiff's privacy and to protect against

personal embarrassment, and further humiliation and psychological harm as an alleged sexual assault victim.

The court further finds that there is little prejudice to Defendant PHA at this early stage. Defendants can adequately proceed at this stage because Plaintiff does not seek to prevent them from knowing her real name. If anonymity hinders Defendants' ability to adequately conduct discovery at a later stage, Defendant PHA may seek relief from this court. The court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile*, 214 F.3d at 1067.

Lastly, as evidenced by the line of cases in this circuit that regularly permit alleged sexual assault victims to proceed anonymously, the "public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (citations omitted). The court finds that Plaintiff's need for anonymity outweighs the prejudice to Defendant PHA and the public's interest in knowing her identity.

**IV. CONCLUSION**

The court GRANTS Plaintiff's ex-parte request to proceed anonymously.

**IT IS SO ORDERED.**

Dated: December 26, 2018

_____

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

4