1  N. DENISE TAYLOR - State Bar No. 101434
   CHERIE L. LIEURANCE - State Bar No. 119979
2  TAYLOR DEMARCO LLP
   1000 Wilshire Boulevard, Suite 600
3  Los Angeles, CA 90017-2463
   Telephone: (213) 687-1600
4  Facsimile: (213) 687-1620
   dtaylor@taylordemarco.com
5  clieurance@taylordemarco.com

6  Attorneys for Defendant,
   PASADENA HOSPITAL ASSOCIATION, LTD, doing
7  business as HUNTINGTON MEMORIAL HOSPITAL

8

9               UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 | JANE DOE, on behalf of all others | CASE NO.: 2:18-cv-9648-ODW
   | similarly situated,              | (MAAx)
12 |
   |            Plaintiff,             | **NOTICE OF MOTION AND**
13 |                                   | **MOTION TO STRIKE FIRST**
   | v.                                | **AMENDED COMPLAINT;**
14 |                                   | **MEMORANDUM OF POINTS AND**
   | PASADENA HOSPITAL                 | **AUTHORITIES**
15 | ASSOCIATION, LTD., d/b/a/         |
   | HUNTINGTON MEMORIAL               | [Declaration of N. Denise Taylor filed
16 | HOSPITAL, an entity, form unknown;| concurrently herewith]
   | PATRICK SUTTON, M.D., an individual;|
17 | THE MEDICAL STAFF OF              | Date:  July 8, 2019
   | HUNTINGTON MEMORIAL               | Time: 1:30 p.m.
18 | HOSPITAL, an entity, form unknown; and | Courtroom: 5D
   | DOES 1 to 100, inclusive,         |
19 |                                   |
   |            Defendants.            | Action Filed:  10/10/2018
20 |                                   | Trial Date:     None

21      TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF, THROUGH HER

22 ATTORNEYS OF RECORD:

23      NOTICE IS HEREBY GIVEN, that on July 8, 2019, at 1:30 p.m., or as soon

24 thereafter as the matter may be heard in Courtroom "5D," of the above-entitled court,

25 located at 350 West 1st Street, in Los Angeles, California, defendant, Pasadena Hospital

26 Association, Ltd., dba Huntington Memorial Hospital, will and hereby does move this

27 Court pursuant to Federal Rules of Civil Procedure, Rule 12(f), to strike the plaintiffs'

28

TAYLOR ✤ DEMARCO LLP

1
NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

class action allegations in her First Amended Complaint ("Complaint") at ¶¶ 71-79, on the grounds it is clear on the face of the Complaint, and without the necessity of discovery, that a class-action cannot properly be maintained.

The motion will be based on this Notice of Motion; the Memorandum of Points and Authorities submitted herewith; the complete court file on record herein and particularly plaintiff's Amended Complaint, of which the Court is requested to take judicial notice; and upon such oral and documentary evidence as may be presented at the hearing on said motion.

DATED:  February 19, 2019                    TAYLOR DEMARCO LLP

By: _____
N. DENISE TAYLOR
CHERIE L. LIEURANCE
Attorneys for Defendant,
PASADENA HOSPITAL
ASSOCIATION, LTD, dba
HUNTINGTON MEMORIAL
HOSPITAL

# **TABLE OF CONTENTS**

1. NOTICE OF MOTION TO STRIKE…………….....................……....………….. 1

2. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

   MOTION TO STRIKE…………………….....................................................…… 10

      I.    INTRODUCTION……………….....................................................……….. 10

      II.   THE COURT MAY STRIKE CLASS ALLEGATIONS WHERE, AS

             HERE, THE COMPLAINT DEMONSTRATES THAT A CLASS

             ACTION CANNOT BE MAINTAINED…......................................………. 11

      III.  IT IS CLEAR ON THE FACE OF PLAINTIFF'S FIRST AMENDED

             COMPLAINT, AND WITHOUT THE NECESSITY OF DISCOVERY,

             PLAINTIFF'S PROPOSED CLASS ACTION CANNOT BE

             MAINTAINED……………...................................................………. 11

           A. Plaintiff's Proposed Class Suffers from Empirical

              Overbreadth……………….....................................................…… 11

           B. Where the Claims of the Class Are So Factually and Legally Distinct

              as to Be Completely Separate, Commonality Is Absent, and the Class

              May Not Be Maintained……………………....................................…… 14

           C. Each Proposed Class Plaintiff's Claim Will Necessarily Raise

              Individual Questions Which Will Substantially Predominate Over

              Any Common Questions................................................... 15

              1. Statute of Limitations Issues Will Necessarily Raise Individual

                Questions............................................................... 15

              2. Whether There Was Actionable Wrongful Conduct Will

                Depend on Facts Unique to Each Plaintiff and to the Law

                Which Was Amended and Differed at Different Times........ 17

              3. Plaintiff's Other Proposed Common Questions Only Articulate

                Individual Questions............................................. 21

TAYLOR ❖ DEMARCO LLP

IV.    CONCLUSION..............................................................................................  24

TAYLOR ❖ DeMARCO LLP

**NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT**

1

# **TABLE OF AUTHORITIES**

2

## Federal Cases

3

*Amador v. Baca*

4

(2018) 299 F.R.D. 618, 629-635…........................................……..................... 20

5

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*

6

(2013) 568 U.S. 455, 468................................................................................ 14

7

*Arabian v. Sony Electronics, Inc.*

8

(S.D. Cal. Feb. 22, 2007) 2007 U.S.Dist.LEXIS 12715, at *5-6………..................... 14

9

*Blackwell v. SkyWest Airlines, Inc.*

10

(S.D. Cal.2007) 245 F.R.D. 453, 462-463………........................................... 14

11

*Burton v. Mountain W. Farm Bureau Mut. Ins. Co.*

12

(D. Mont. 2003) 214 F.R.D. 598, 609………................................................... 14

13

*Comcast Corp. v. Behrend*

14

(2013) 569 U.S. 27, 35..................................................................................... 20

15

*Connell v. United States*

16

(E.D. Cal.2010) 2010 U.S.Dist.LEXIS 36957, at *8………..................................... 10, 19

17

*Doninger v. Pacific Northwest Bell, Inc.*

18

(9th Cir. 1977) 564 F.2d 1304, 1308................................................................ 12

19

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez*

20

(1977) 431 U.S. 395, 403................................................................................. 13

21

*Fantasy, Inc. v. Fogerty*

22

(9th Cir. 1993) 984 F.2d 1524, 1527............................................................... 11

23

*Fogerty v. Fantasy, Inc.*

24

(9th Cir. 1994) 510 U.S. 517........................................................................... 11

25

*Gen. Tel. Co. of Southwest v. Falcon*

26

(1982) 457 U.S. 147, 155-161......................................................................... 15

27

///

28

**NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

*Hanon v. Dataproducts Corp.*
(9th Cir. 1992) 976 F.2d 497, 508…....................................................….......... 13

*Kamm v. Cal. City Dev. Co.*
(9th Cir. 1975) 509 F.2d 205, 212................................................................. 11

*Kaplan v. Porsche Fin. Srvcs.*
(C.D. Cal. 2018) 2018 U.S.Dist.LEXIS 103446, *5…….............................. 12

*Mazza v. Am. Honda Motor Co.*
(9th Cir. 2012) 666 F.2d 581, 596................................................................. 12

*Ott v. Mortg. Investors Corp. of Ohio*
(D.Or. 2014) 65 F.Supp.3d 1046, 1062......................................................... 11

*Quezada v. Loan Ctr. Of Cal., Inc.*
(E.D. Cal. 2009) 2009 U.S.Dist.LEXIS 122537, *24-25............................... 14

*Rodriguez v. West Publ'g Corp.*
(9th Cir. 2009) 563 F.3d 948, 959................................................................. 13

*Ruiz Torres v. Mercer Canyons Inc.*
(9th Cir. 2016) 835 F.3d 349-359, 1125, 1134........................................ 14-15

*Tietsworth v. Sears, Roebuck and Co.*
(N.D. Cal. 2010) 720 F.Supp.2d 1123, 1145-1146……............................... 11

*Tyson Foods v. Bouaphakeo*
(2016) 577 U.S. _; 136  S. Ct. 1036, 1045............................................... 14-15

*Wal-Mart Stores, Inc. v. Dukes*
(2011) 564 U.S. 338, 348-359.................................................... 12, 14-15, 24

## Federal Statutes

Federal Rules of Civil Procedure, Rule 12(f).................................................. 1

Federal Rules of Civil Procedure, Rule 23..................................................... 14

Federal Rules of Civil Procedure, Rule 23(a)............................................... 11

NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

TAYLOR ❖ DEMARCO LLP

Federal Rules of Civil Procedure, Rule 23(b)...................................................................... 11

Federal Rules of Civil Procedure, Rule 23(c)(1)(A)......................................................... 11

Federal Rules of Civil Procedure, Rule 23(c)(1)(D)......................................................... 11

<u>State Cases</u>

*Anaya v. Turk*

(1984) 151 Cal.App.3d 1092, 1100................................................................................ 22

*Bernson v. Browning-Ferris Industries*

(1994) 7 Cal.4th 926, 932-933…………….......................................................... 16

*C.R. v. Tenet Healthcare Corp.*

(2009) Cal.App.4th 1094, 1110-1111............................................................................ 23

*Cooper v. Superior Court*

(1997) 56 Cal.App.4th 744, 751…………........................................................... 10

*DeRose v. Carswell*

(1987) 196 Cal.App.3d 1011, 1018…………….......................................……... 17

*Elam v. College Park Hospital*

(1982) 132 Cal.App.3d 332, 346……….........................................…….. 22

*Fox v. Ethicon Endo-Surgery, Inc.*

35 Cal.4th 797, 806-807............................................................................................ 16

*Grisham v. Philp Morris U.S.A., Inc.*

(2007) 40 Cal.4th 623, 634……........................................................................... 16

*Hughes v. Pair*

(2009) 46 Cal.4th 1035, 1039-1040, 1043-1049…................................................ 17-19

*In re Fletcher*

(1940) 36 Cal.App.2d 567, 573...................................................................................... 24

*Lisa M. v. Henry Mayo Newhall Hosp.*

(1995) 12 Cal.4th 291, 297-298, 300-302....................................................................... 21

NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

TAYLOR ❖ DEMARCO LLP

*Luiz v. Queen of Angels Hosp.*

(1942) 53 Cal.App.2d 310, 313……………................................……….……… 23

*Markow v. Rosner*

(2016) 3 Cal.App.5th 1027, 1038................................................................... 22

*Norgat v. Upjohn Co.*

(1999) 21 Cal.4th 383, 393, 397-398………………………...................……… 16

*Potter v. Firestone Tire & Rubber Co.*

(1993) 6 Cal.4th 965, 984…………………………………......………………… 20

*Reid v. State Farm Mut. Auto. Ins. Co.*

(1985) 173 Cal.App.3d 557, 574................................................................... 22

*Reyes v. County of Los Angeles*

(1988) 197 Cal.App.3d 584, 588, 594-595...................................................... 16

*Shoyoye v. County of Los Angeles*

(2012) 203 Cal.App.4th 947, 959-962, 1051………………………....………… 19-20

*Sonbergh v. MacQuarie*

(1952) 112 Cal.App.2d 771-774…………………………..........................………. 17

*Younan v. Equifax Inc.*

(1980) 111 Cal.App.3d 498, 516, fn. 14……………………...........................…… 23

*Young v. Haines*

(1986) 41 Cal.3d 883, 901............................................................................. 16

*Z. V. v. County of Riverside*

(2015) 238 Cal.App.4th 889, 902................................................................... 22

## State Statutes

Bus. & Profs. Code § 17208…………………...........................……… 16

Code of Civil Procedure § 51.9……………...........................………………… 17-19

Code of Civil Procedure § 52.1……………...........................……………… 19

**NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT**

Code of Civil Procedure § 52.4…………….............................................…….. 16, 19

Code of Civil Procedure § 52.4(b)…………….........................................….. 18

Code of Civil Procedure § 52.4(c)……………..........................................……. 19

Code of Civil Procedure § 335.1……………….......................................……. 15

Code of Civil Procedure § 338………….......................................................……. 16

Code of Civil Procedure § 340.5……….......................................………………. 15

Code of Civil Procedure § 1708.5……………….........................…………………. 18

Stats 1999 Cal AB 519…..………………….......................................………. 18

Stats 2002 Cal AB 1928…..……………….......................................………………. 18

Stats 1994 Cal SB 195…..……………….........................................………….. 18

Stats 1996 Cal SB 612…..………………..........................................………………. 17

TAYLOR ❖ DEMARCO LLP

9

**NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTOHRITIES
## IN SUPPORT OF MOTION TO STRIKE

## I.

## INTRODUCTION

Plaintiff, a former patient of obstetrician and gynecologist, Patrick Sutton, M.D., alleges that between 2008 and 2010, she was inappropriately touched and subjected to inappropriate comments by Dr. Sutton during gynecological examinations.[1]  Plaintiff alleges five of the six occasions she encountered Dr. Sutton were on the premises of Huntington Memorial Hospital.  (See 1st Amd. Compl, ¶¶ 2-18.)  Based thereon and/or based on an ostensible agency theory, plaintiff is seeking to hold Pasadena Hospital Association, Ltd. doing business as Huntington Memorial (hereinafter "Huntington Memorial") liable for Dr. Sutton's conduct.

Plaintiff has asserted numerous claims based on state law.  She seeks federal jurisdiction solely under the Class Action Fairness Act.  On the face of her Complaint, and without the necessity of discovery, a class action may not properly be maintained, as it is patently clear that individual questions will substantially predominate over common questions.  Not one of plaintiff's proposed "common questions" raises actual common questions, as opposed to questions what will need to be resolved as to each plaintiff or the particular time period time in which each plaintiff treated with Dr. Sutton.  The questions are all individual to each potential plaintiff, or to the particular time period in which each potential plaintiff was treated by Dr. Sutton.  The resolution of those questions are not apt to drive the litigation. Therefore, plaintiffs class allegations should be stricken.

///

---

[1]"A doctor rendering gynecological care, ..., cannot render the full panoply of gynecological services without touching, probing or otherwise manipulating a woman's genitalia." *Cooper v. Superior Court*, 56 Cal.App.4th 744, 751 (1977); *Connell v. United States*, 2010 U.S.Dist.LEXIS 36957, at *8 (E.D.Cal. 2010).

NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

**II.**

**THE COURT MAY STRIKE CLASS ALLEGATIONS WHERE, AS HERE, THE COMPLAINT DEMONSTRATES THAT A CLASS ACTION CANNOT BE MAINTAINED**

The Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure (FRCP), Rule 12(f).  The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Tietsworth v. Sears, Roebuck and Co.*, 720 F.Supp.2d 1123, 1145-1146 (N.D.Cal. 2010); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), overruled on other grounds, 510 U.S. 517 (1994).  "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Id.*

Under FRCP, Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained. *Tietsworth, supra*, 720 F.Supp.2d 1123, 1146; *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir 1975) (class allegations may be stricken at the pleading stage); *Ott v. Mortg. Investors Corp. of Ohio*, 65 F.Supp.3d 1046, 1062 (D.Or. 2014) (same).  In order for a class to be certified, the class must be ascertainable, the requirements of FRCP, Rule 23(a) must be satisfied and plaintiff must satisfy one of the more stringent prerequisites set forth in Rule 23(b). *Tietsworth, supra*, 720 F.Supp.2d at 1146.

**III.**

**IT IS CLEAR ON THE FACE OF PLAINTIFF'S FIRST AMENDED COMPLAINT, AND WITHOUT THE NECESSITY OF DISCOVERY, PLAINTIFF'S PROPOSED CLASS ACTION CANNOT BE MAINTAINED**

**A.    Plaintiff's Proposed Class Suffers from Empirical Overbreadth.**

FRCP, Rule 23(a) provides that "[o] ne or more members of a class may sue or be

sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Id.* The burden of demonstrating that the elements of Rule 23(a) are satisfied is on the party who will be seeking certification. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1308 (9th Cir. 1977).

The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 348 (2011). In order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members. *Id.*, at 348-349.

Rule 23(a) ensures that the named plaintiff is an appropriate representative of the class whose claims she wishes to litigate. The Rule's four requirements--numerosity, commonality, typicality, and adequate representation--effectively limit the class claims to those fairly encompassed by the named plaintiff 's claims. *Id*., at 349; *Mazza v. Am. Honda Motor Co.,* 666 F.2d 581, 596 (9th Cir. 2012). (finding a proposed class in a false advertising case to be overly broad, where the limited scope of that advertising made it unreasonable to assume that all class members viewed the advertising in issue and were injured in reliance thereon); see also *Kaplan v. Porsche Fin. Srvcs.*, 2018 U.S.Dist. LEXIS 103446, *5 (C.D.Cal. 2018) (finding serious concerns about the presence of federal jurisdiction over a matter under the CAFA, where plaintiff's class definition potentially sweeps in thousands of individuals who may not have standing to bring the claims asserted).

Plaintiff's proposed class consist of all patients who received a medical examination by Dr. Sutton on the premises of Huntington Memorial. 1st Amd. Comp., ¶ 73. Plaintiff estimates that the number of potential class members is greater than 10,000

individuals. ¶ 75(c).

Defendant has no basis to assume that the number of patients examined by Dr. Sutton at the hospital is "greater than 10,000", and even if that were the case it is unlikely the number of patients subjected to wrongful conduct would be greater than a very, very small fraction of that number, as it is unlikely that all patients who were examined by Dr. Sutton were subjected to the same or similar inappropriate behavior of the type of which plaintiff complains. The test for typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); see also *E. Tex. Motor Freight Sys., Inc., v. Rodriguez*, 431 U.S. 395, 403 (1977) (noting that it is essential to establish that the class representative "possess the same interest and suffer the same injury" as class members in order to satisfy typicality); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009) (following *E. Tex Mortor Freight Sys.*).

Plaintiff has pled no factual basis upon which it could reasonably be concluded that Dr. Sutton might have engaged in the type of behavior of which plaintiff complains with more than a handful of patients.  While some of those handful of plaintiffs may have been subjected to similar type of treatment, there is no basis to conclude each was subjected to the same course of conduct and suffered the same injuries, required to satisfy typicality.

Defendant has also submitted concurrently herewith a motion to dismiss, illustrating that based on the fact pled by plaintiff, plaintiff knew of the facts giving rise to each of her claims long ago, and that the statute of limitations applicable to each of her claims expired prior to the filing of this lawsuit.  District Courts in the Ninth Circuit had found that a putative class representative's claims fail to meet the typicality requirement when they are subject to a statute of limitations defense that differs from

other class members and would become a significant focus of the litigation, *Quezada v. Loan Ctr. Of Cal., Inc.*, 2009 U.S.Dist.LEXIS 122537, *24-25 (E.D.Cal. 2009), citing *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462-63 (S.D.Cal. 2007); *Arabian v. Sony Electronics, Inc.*, 2007 U.S. Dist. LEXIS 12715, *5-6 (S.D. Cal. Feb. 22, 2007); *Burton v. Mountain W. Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 609 (D. Mont. 2003), as is illustrated briefly below, and in the accompanying motion to dismiss submitted concurrently herewith, the statute of limitations not only creates a very real defense as to plaintiff's claims, it raises numerous individual questions as to that defense as applied to the claims of putative class members.

**B.    Where the Claims of the Class Are So Factually and Legally Distinct as to Be Completely Separate, Commonality Is Absent, and the Class May Not Be Maintained.**

Class certification is permitted under FRCP, Rule 23, if "the questions of law or fact common to class members predominate over any questions affecting only individual members." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 468(2013). The predominance inquiry requires the Court to make a global determination of whether common questions prevail over individualized ones. *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). "An individual question is one 'where members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Tyson Foods v. Bouaphakeo*, 577 U.S. __;  136 S. Ct. 1036, 1045 (2016); *Ruiz, supra,* at 1134.

The "commonality" rule is easy to misread, since "any competently crafted class complaint literally raises common 'questions.'" *Dukes, supra*, 564 U.S. at 349. "'What matters to class certification . . . is not the raising of common "questions" -- even in droves -- but, rather, the capacity of a class-wide proceeding to generate common

**NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT**

answers apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.' [Citation]." *Wal-Mart Stores, Inc. v. Dukes ("Dukes")* 564 U.S. 338, 350 (2011).

"[A]n individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Tyson Foods v. Bouaphakeo*, 577 U.S. __; 136 S.Ct. 1036, 1045 (2016); *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (2016) .

Where claims of the class are so factually and legally distinct as to be completely separate, commonality is absent, and the class may not be certified. See *Id.*, at 349-359 (where each class member was subject to discrete act of discrimination by individual store management due to corporate policy of deference, absence of commonality precluded class certification); see also *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155-161 (1982) (finding district court erred in presuming, in a discrimination action, that respondent's claims were typical of the class). Not one of plaintiff's proposed common questions of law and/or fact described in paragraph 76 of the First Amended Complaint actually raise common questions.

**C.    Each Proposed Class Plaintiff's Claim Will Necessary Raise Individual Questions Which Will Substantially Predominate Over Any Common Questions.**

**1.    Statute of Limitations Issues Will Necessarily Raise Individual Questions.**

Plaintiff's proposed class is not limited by time.   Plaintiff's own action is based on conduct that allegedly occurred in 2008-2010.  The possible limitations period applicable to plaintiff's various claims range from one-year to four-years. Cal. Code of Civil Procedure § 340.5 (one year limitations from discovery of injury in action against health care provider), § 335.1 (two year limitations period for claims for battery and

1   personal injuries in general), § 338 (three-year limitations period for actions founded
2   upon liability created by statute, Civil Code § 52.4 (three years from date of act), and
3   Business and Professions Code § 17208 (four years for claims for unfair business
4   practices).

5           Plaintiff is relying on the discovery rule and allegations of fraudulent concealment
6   to toll the limitations periods.  Pursuant to the express language of Section 52.4, claims
7   brought thereunder must be brought within three years of the act. *Id.*, subd. (b).  That
8   statute does not provide for any tolling.  Only potential class members subjected to
9   gender violence between 2015 and 2018 may have standing to maintain a claim under
10  Section 52.4.  Plaintiff does not fall into that category.

11          Whether the statute of limitations may be tolled as to any other claim will
12  necessarily depend on facts unique to each plaintiff, i.e., the date of discovery of a cause
13  of action or claim, notwithstanding any alleged "fraudulent concealment."

14          Discovery of a cause of action is deemed made and the statute of limitations
15  begins to accrue when the plaintiff suspects a factual basis upon which to base the cause
16  of action's elements – essentially "when the plaintiff suspects that ***someone*** has done
17  something wrong. *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 397-398 (1999).  Discovery of
18  a claim as to any defendant constitutes discovery as to all defendants. *Id*, at 393; see also
19  *Bernson v. Browning-Ferris Industries,* 7 Cal. 4th 926, 932-933 (1994). Suspicion of one
20  or more elements of a cause of action (i.e., wrongful conduct), coupled with knowledge
21  of any remaining element (i.e., injury) will trigger the limitations period. *Grisham v.*
22  *Philip Morris U.S.A., Inc.*, 40 Cal.4th 623, 634 (2007); *Fox v. Ethicon Endo-Surgery,*
23  *Inc.,* 35 Cal.4th 797, 806-807 (2005).  Fraudulent concealment will not toll the limitations
24  period, if discovery has occurred.  *Young v. Haines*, 41 Cal.3d 883, 901 (1986); *Reyes v.*
25  *County of Los Angeles*, 197 Cal.Ap.3d 584, 588, 594-595 (1988).

26          The nature of the very claims being made by plaintiff: assault, battery, harassment,
27  intentional infliction of emotional distress, are not subject to the discovery rule.  Where

28

an "awareness of a wrongful act" carries with it "awareness of harm" such as the case with a claim for battery and intentional infliction of emotional distress (IIED),[2] the discovery rule cannot apply. See *DeRose v. Carswell,* 196 Cal.App.3d 1011, 1018 (1987) (finding delayed discovery rule did not apply to claims for assault and battery and IIED); *Sonbergh v. MacQuarrie,* 112 Cal.App.2d 771, 772-774 (1952) (a battery or negligently harming a person is complete and the limitations period accrues upon physical contact, even though there is no observable damage at the time of contact).

Whether any other claim may be tolled by the discovery rule or its "fraudulent concealment" subspecies, will necessarily involve a resolution of facts unique to plaintiff and each potential class member.

### 2.   Whether There Was Actionable Wrongful Conduct Will Depend on Facts Unique to Each Plaintiff and to the Law Which Was Amended and Differed at Different Times.

The determination of whether any putative class plaintiff suffered from a violation of any law upon which the First Amended Complaint is based cannot be resolved on any common question of fact but will necessarily need to be resolved based on facts unique to each potential class member.  Also, plaintiff's claims are based on statutory law that differed at different periods of time and thus, each class member's claims will need to be proven based on the elements which existed at the time each member was seen by Dr. Sutton.

For example, the sexual harassment statute, Civil Code § 51.9, was enacted in 1994. See Stats, 1994 Cal. SB 612.  Class members who were treated by Dr. Sutton prior to that date may not seek damages thereunder.  Since its enactment, the elements for relief under Section 51.9 have repeatedly changed.  Prior to January 1, 2000, liability for

---

[2] To recover damages on an IIED claim, plaintiff would have had to have suffered "emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Hughes v. Pair,* 46 Cal.4th 1035, 1039-1040 (2009).

TAYLOR ❖ DEMARCO LLP

harassment under Section 51.9 required a showing that the defendant made sexual advances, solicitations, sexual requests, or demands for sexual compliance by the plaintiff that were unwelcome and persistent or severe, continuing after a request by the plaintiff to stop. See Stats 1996 Cal. SB 195.  As of January 1, 2000, liability for harassment was extended to include other verbal, visual or physical conduct of a sexual nature or a hostile nature based on gender, and the requirement the plaintiff had requested the defendant to stop that conduct was eliminated. See Stats 1999 Cal. AB 519.  Even then, the conduct still had to be "unwelcome and pervasive or severe." *Id.* To be pervasive, the sexually harassing conduct must consist of more than a few isolated incidents. *Hughes v. Pair*, 46 Cal.4th 1035, 1048-1049 (2009).  Between that 1999 amendment and until 2018, relief under Section 51.9 also required the plaintiff show an inability to easily terminate the patient-physician relationship. Compare Stats 1999 Cal. AB 519 with current Section 51.9.

The gender violence statute, Cal. Civil Code § 52.4, was not enacted until 2002, effective January 1, 2003. See Stats 2002 Cal. AB 1928.  That statute could not apply to any claim based on conduct by Dr. Sutton prior to 2003 may seek relief thereunder. Further, a claim under Section 52.4, was required to be brought within 3 years of the alleged wrongful act. Cal. Civil Code § 52.4(b).  Only potential class members including who treated with Dr. Sutton after November 15, 2015 (three years prior to the commencement of this action), which does not include plaintiff, could conceivably have a claim under Section 52.4.

Further, whether Dr. Sutton engaged in conduct violated of Section 51.9, Section 52.4 and the Sexual Battery statute, Cal. Civil Code § 1708.5, requires a more focused assessment into whether his alleged conduct was wrongful depending on the plaintiff (i.e., whether there was a therapeutic or diagnostic purpose for the alleged touching or whether it was for the purpose of sexual gratification); otherwise every gynecologist that performs a digital, vaginal examination would be subject to a claim for gender violence,

1   sexual harassment or sexual battery following thw examination.  Both state and federal
2   courts recognize that the very nature of a gynecological examination involves touching,
3   probing or manipulating a woman's genitalia. *Cooper v. Superior Court*, 56 Cal.App.4th
4   744, 751 (1997); *Connell v. United States*, 2010 U.S.Dist.LEXIS 36957, at *8 (E.D.Cal.
5   2010).

6          Further, the mere making of inappropriate comments may not necessarily give rise
7   to a claim for sexual harassment under Cal. Civil Code § 51.9.  To be actionable as
8   harassment, pursuant to all versions of the statute, required more than a few isolated
9   incidents; the harassing conduct must have been "severe in the extreme" and the plaintiff
10  must perceive the conduct as creating a hostile or abusive environment. *Hughes v. Pair,*
11  46 Cal.4th 1035, 1043-1049 (2009).

12         To be entitled to damages under both Cal. Civil Code §§ 52.1and 52.4, each
13  plaintiff will be required to show interference with civil right (Section 52.1) or a physical
14  intrusion or physical invasion of a sexual nature (Section 52.4), which occurred under
15  coercive conditions. Cal. Civil Code §§ 52.1 and 52.4(c).  Mere civil right violation of
16  physical intrusion is insufficient. See *Shoyoye v. County of Los Angeles,* 203
17  Cal.App.4th 947, 959 (2012) (noting Section 52.1 focuses specifically on the ***additional***
18  ***element*** – putting persons in fear of their safety, and where there is no coercion separate
19  and apart from the coercion inherent in the constitutional violation the claim is not
20  cognizable).

21          Thus, whether Dr. Sutton engaged in conduct violative of those statutes will
22  depend on  what conduct he subjected each individual plaintiff to, whether that conduct
23  had any therapeutic or diagnostic purpose or was only engaged in only for the purpose of
24  sexual gratification, whether that conduct was severe and pervasive and whether the
25  plaintiff was unable to easily terminate the patient-physician relationship.  For each
26  plaintiff, the answers will be unique to that plaintiff and the resolution thereof will not
27  drive the litigation.

28

**NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT**

TAYLOR ❖ DEMARCO LLP

1
2
3
4
5
6
7
8
9
10

Similarly, an IIED claim requires a showing that defendant's was so "extreme as to exceed all bounds of that usually tolerated in a civilized community" and caused "emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Id.*, at 1051. The resolution of each plaintiffs' claims will necessarily require an evaluation of the conduct to which each plaintiff was subjected to, the circumstances in which it occurred, whether there was a legitimate therapeutic or diagnostic purpose for that conduct or whether it was for the purpose of sexual gratification, as well as the extent to which, if any, each plaintiff was harmed, necessitating individual questions unique to each plaintiff, before the liability of any defendant is at issue.

11
12
13
14
15

Negligent infliction of emotional distress is not an independent tort – the tort is that of negligence. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984 (1993) There is no duty to avoid negligently causing emotional distress to another, and that damages for emotional distress are recoverable only if the defendant has breached some other duty to the plaintiff. *Id.*

16
17
18

The individual questions will need to be resolved even before the any question as to Huntington Memorial's potential liability arises. Then, as to Huntington Memorial's potential liability, individual questions again arise as to each plaintiff.

19
20
21
22
23
24
25
26
27

Whether any plaintiff is entitled to compensatory damages will depend on whether any defendant caused that plaintiff actual injury and the extent of that injury, questions which will be unique to each potential class member. This will necessarily involve facts unique to each plaintiff and is not subject to a common calculation or method for determining such damages. See *Amador v. Baca*, 299 F.R.D. 618, 629-635 (2014) (where the case is about the manner and conditions giving rise to the alleged wrongful conduct, compensatory damages would be established on an individual basis through testimony and class for the purpose of determining liability and damages would be inappropriate); *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) (were questions of

28

1
2
3

individual damage calculations will inevitably overwhelm questions common to the class, i.e., where no model can possibly establish that damages are susceptible of measurement across the entire class, class action is inappropriate).

4
5

### 3. Plaintiff's Other Proposed Common Questions Only Articulate Individual Questions.

6
7
8
9

Even should a plaintiff satisfy a showing they were subjected to wrongful conduct by Dr. Sutton, that will not be sufficient to establish liability on the part of Huntington Memorial. Rather, its potential liability will be dependent on fact intensive inquiry either unique to each plaintiff or unique to the time in question.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Whether Huntington Memorial owed a duty to plaintiffs and class members to protect their health and safety and not violate their trust, is not satisfied by showing Dr. Sutton was an employee of Huntington Memorial. If an employee inflicts an injury out of personal malice, not engendered by the employment, the employer is not liable. *Lisa M. v. Henry Mayo Newhall Hosp.*, 12 Cal.4th 291, 297-298 (1995). Sexual assaults of the type of which plaintiffs complain, are not "engendered by" or an "outgrowth" of employment. See *Id.,* at 300-302 (ultrasound technician's decision to engage in conscious sexual exploitation of a patient during the performance of an ultrasound examination was not engendered by his employment, even though the circumstances of the examination made it possible; where "the assault was not motivated or triggered off by anything in the employment activity but was the result of only propinquity and lust, there should be no liability"). With each plaintiff, there will need to be an inquiry into whether any conduct by Dr. Sutton was engendered by or an outgrowth of employment or was a conscious decision on the part of Dr. Sutton to engage in sexual exploitation of a patient.

25
26
27

Even as to Huntington Memorial's duty to provide for the safety of its patients, liability will not be imposed absent foreseeability. Foreseeability, in this context, requires that the defendant have actual knowledge of the assaultive propensities of the

28

TAYLOR ❖ DEMARCO LLP

assailant. *Z. V. v. County of Riverside*, 238 Cal.App.4th 889, 902 (2015); see also *Reid v. State Farm Mut. Auto. Ins. Co.*, 173 Cal.App.3d 557, 574 (1985) ("special relationship" doctrine developed in order to impose a duty on parties who had actual and specific knowledge of an unreasonable risk of physical harm to another to take steps to protect another from such harm); *Anaya v. Turk*, 151 Cal.App.3d 1092, 1100 (1984) (generalized knowledge of a third party's dangerous propensities cannot be the basis of a finding of foreseeability).  The question of whether Huntington Memorial owed any potential class member a duty to protect them from Dr. Sutton will depend on what information the hospital possessed ***at the time*** that particular class member was seen by Dr. Sutton.  The answer to such temporal questions will not drive litigation given the scope of the proposed class.

Whether any plaintiff can hold the hospital liable on an ostensible agency theory would require an evaluation as to whether each potential class member dealt with Dr. Sutton with a reasonable belief in his authority as an agent of Huntington Memorial, whether that belief was generated by some act or neglect on the part of the hospital, and whether that plaintiff was or was not negligent in holding that belief. See *Markow v. Rosner*, 3 Cal.App.5th 1027, 1038 (2016) (stating elements for ostensible agency).  That inquiry will necessarily depend on facts unique to each plaintiff.

Whether plaintiff can establish the hospital was negligent in granting Dr. Sutton staff privileges and thereby caused any plaintiff an injury will depend whether that plaintiff was a patient of the hospital and on what facts the hospital knew or should have known prior to ***the time*** that plaintiff became a patient which would have put the hospital on notice as to any risk Dr. Sutton may have posed. (see *Elam v. College Park Hospital*, 132 Cal.App.3d 332, 346 (1982), where a hospital may be accountable for negligently screening the competency of its medical staff to insure the adequacy of medical care rendered to patients at its facility).  As discussed above, plaintiff's First Amended Complaint alleges that complaints against Dr. Sutton purportedly came to light at

**NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT**

1   different times. See 1st Amd. Compl., ¶¶ 25-36.  That inquiry is not likely to generate

2   common answers apt to drive the resolution of the litigation and, thus, give rise to class

3   commonality.  The same is true as to plaintiff purported common questions as to whether

4   defendants owed any duty to warn any patient or to supervise Dr. Sutton for the

5   protection of said patient.

6         Assuming Huntington Memorial owed plaintiff any duty to disclose to any

7   plaintiff  prior misconduct on the part of Dr. Sutton, upon which plaintiff's constructive

8   fraud claim is made, will require a determination of whether there existed a fiduciary or

9   confidential relationship between that plaintiff and the hospital giving rise to a duty to

10  disclose, a non-disclosure, an intent to deceive, and whether there was any reliance on

11  the part of the plaintiff on the lack of disclosure. See *Younan v. Equifax Inc.,* 111

12  Cal.App.3d 498, 516, fn. 14 (1980) (stating elements). The relationship of hospital and

13  patient is not per se a fiduciary or confidential one, as may be the case in the patient-

14  physician relationship. *Luiz v. Queen of Angels Hosp,*. 53 Cal.App.2d 310, 313 (1942).

15  Whether there existed any non-disclosure will depend on what information the hospital

16  possessed ***at the time*** the patient was seen by Dr. Sutton.  Whether any patient relied on

17  the lack of non-disclosure would depend on what the hospital could have disclosed at the

18  time, whether the hospital had an opportunity to disclose that fact to the particular

19  patient, and whether that fact would have altered the patient's decision to treat with Dr.

20  Sutton – all individual questions which will be unique to each patient.

21         Whether Huntington Memorial could be held liable on a ratification theory to any

22  putative class member would require an exploration of the facts unique to each potential

23  class member to determine whether hospital management was aware or Dr. Sutton's

24  conduct towards that class member and then engaged in conduct evidencing an intent to

25  adopt Dr. Sutton's conduct as its own. See *C.R. v. Tenet Healthcare Corp*., 169

26  Cal.App.4th 1094, 1110-1111 (2009) (ratification of the previously unauthorized acts of

27  an agent also requires that the principal have full knowledge of all of the facts,

28

TAYLOR ❖ DeMARCO LLP

1  particularly of the acts of the person claiming to act as agent; unless all the

2  circumstances are made known to him, the ratification does not exist); *In re Estate of*

3  *Fletcher,* 36 Cal.App.2d 567, 573 (1940) (same).)

4      Where on the pleadings alone, as is patently clear here, the claims of any potential

5  class are so factually and legally distinct as to be completely separate, commonality is

6  absent, and the class treatment is inappropriate. See *Dukes, supra*, 564 U.S. at 349-359.

7  Plaintiff's class allegations should be dismissed.

8                                        **V.**

9                                  **CONCLUSION**

10      The Court has authority to strike class allegations prior to discovery if the

11  complaint demonstrates that a class action cannot be maintained.  It is patently clear on

12  the face of plaintiff's Complaint that due to lack of typicality and common questions, a

13  class action may not properly be maintained.   Plaintiff's class allegations should be

14  stricken.

15

16   DATED:  February 19, 2019              TAYLOR DEMARCO LLP

17

18                                  By: _____

19                                     N. DENISE TAYLOR
                                       CHERIE L. LIEURANCE
20                                     Attorneys for Defendant,
                                       PASADENA HOSPITAL
21                                     ASSOCIATION, LTD, dba
                                       HUNTINGTON MEMORIAL
22                                     HOSPITAL

23

24

25

26

27

28
                                        24

TAYLOR ❖ DEMARCO LLP

# CERTIFICATE OF SERVICE

I, Christine Chung, hereby certify that on this 19th day of February 2019, I electronically filed the following documents:

**NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

with the Clerk of the United States District Court for the Central District of California using the CM/ECF system which shall send electronic notification to all counsel of record. See attached Notice of Electronic Service for all parties served.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Los Angeles, California on February 19, 2019.


/s/
Christine Chung

1

## **SERVICE LIST**

2

Re: <u>Jane Doe v. Pasadena Hospital Association, Ltd., et al.</u>
Case No: 2:18-cv-09648-ODW-(MAAx)

3

4   Kevin T. Barnes, Esq.                          Attorneys for Plaintiff,
    Gregg Lander, Esq.                             Jane Doe
5   LAW OFFICES OF KEVIN T. BARNES
6   1635 Pontius Avenue, Second Floor              Tel: (323) 549-9100
    Los Angeles, CA 90025                          Fax: (323) 549-0101
7                                                  barnes@kbarnes.com
                                                   lander@kbarnes.com
8   Joseph Tojarieh, Esq.                          Attorneys for Plaintiff,
    TOJARIEH LAW FIRM, PC                          Jane Doe
9   10250 Constellation Blvd., Suite 100
10  Los Angeles, CA 90067                          Tel: (310) 553-5533
                                                   Fax: (310) 553-5536
11                                                 ift@tojariehlaw.com

12  Marilyn Moriarty, Esq.                         Attorneys for Defendant,
    Kathleen Weadock, Esq.                         The Medical Staff of Huntington
13  Matthew Izu, Esq.                              Memorial Hospital
    LEWIS BRISBOIS BISGAARD &
14  SMITH LLP
15  701 B Street, Suite 1900                       Tel: (619) 233-1006
    San Diego, California 92101                    Fax: (619) 233-8627
16                                                 Marilyn.Moriarty@lewisbrisbois.com
                                                   Katherine.Weadock@lewisbrisbois.com
                                                   Matthew.Izu@lewisbrisbois.com

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR ❖ DEMARCO LLP

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1000 Wilshire Boulevard, Suite 600, Los Angeles, California 90017-2463.

On February 19, 2019, I served the foregoing document described as

**NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☒ **(BY MAIL)** I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on February 19, 2019, at Los Angeles, California.

Christine Chung                     _____/s/_____
Type or Print Name                      Signature

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TAYLOR ✣ DEMARCO LLP

## **SERVICE LIST**

Re:  Jane Doe v. Pasadena Hospital Association, Ltd., et al.
Case No: 2:18-cv-09648-ODW-(MAAx)

Patrick Mark Sutton, M.D. c/o
John Burton, Esq.
The Law Offices of John Burton
The Marine Building
128 North Fair Oaks Avenue
Pasadena, California 91103

Defendant,
Patrick Mark Sutton, M.D.

Tel: (626) 449-8300
Fax: (626) 449-4417
office@johnburtonlaw.com

**CERTIFICATE OF SERVICE**